___ ✓ Priority
___ ✓ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
SEP -6 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

|  |  |
|---|---|
| IN RE WACHOVIA SECURITIES, LLC WAGE AND HOUR LITIGATION | ) ) ) 8:07ML1807 ) ) MDL-1807 DOC-RNBx ) |
| This Document Relates to: ALL ACTIONS | ) ) ) ) ) ) |

# [PROPOSED] ORDER ON THE MOTIONS OF VARIOUS PLAINTIFFS TO CONSOLIDATE ACTIONS AND APPOINT LEAD COUNSEL

The motions of Plaintiffs Charles Badain, Mary O'Reilly, Michael DiLustro, Paul Firth, David Dougherty, Gerald Rouse, Robert Burakoff, Shawn P. DeWane, Jason Goldstein, Scott Standel, Anthony J. Mooney, Bruce Barron, Peter Janowsky, George Keim, Amir Gauhar, and Deane Rudofker (the "Dewane/Badain Motion") and of Carrie Morich, Scott Lowe and Debra M. Reda-Cappos (the "Morich/Reda-Cappos Motion") to Consolidate Actions and Appoint Lead Counsel came on for hearing in the ordinary course. Having considered the papers submitted in support of and in opposition to the Motions, the argument of counsel, and for good cause shown, the Court ORDERS as follows:

I. **Consolidation**

1. All actions transferred to this Court by the Judicial Panel on Multidistrict Litigation by its orders dated September 29, 2006 and January 4, 2007 (the "MDL Transfers"), as well as all cases currently before this Court related to the MDL Transfers, and all "tag along" cases are hereby consolidated for all pretrial purposes (the "Consolidated Action").



DOCKETED ON CM
SEP - 6 2007
BY _____ 178

2. The Consolidated Action shall also include all subsequently filed related cases and "tag along" cases as well as all pending related cases or "tag along" cases. Lead Counsel appointed herein and defense counsel shall bring to the attention of the Court and the Clerk of the Court any such cases at their earliest knowledge thereof.

## II. Pending, Subsequently Filed and Transferred Related Actions

3. Any action filed in the Central District of California subsequent to the date of this Order that involves questions of law or fact similar to those contained in the Consolidated Action shall constitute a case related to the Consolidated Action ("Related Action") and shall be assigned to this Court and become part of the MDL-1807 docket.

4. Each Related Action and tag along action shall be governed by the terms of this Order and shall be consolidated for pretrial purposes with the Consolidated Action. Upon the filing of a Related Action, or a tag-along action, defendants' counsel shall mail a copy of this Order to counsel for the plaintiff(s) in each such action.

5. A party to any Related Action or tag-along action may, for good cause shown, move for relief from the terms of this Order only if such motion is filed with the Court and served upon Lead Counsel as set forth herein and upon counsel for defendants within 21 days of the mailing of this Order to counsel for such party or of the entry of a Conditional Transfer Order by the clerk of the JPMDL. Lead Counsel or defense counsel may oppose or support such a motion.

## III. Filing of the Order

6. This Order shall be filed with the Clerk of the Court under MDL-1807 and the entry of the Order shall be docketed in each of the Related Actions.

7.  All papers filed by plaintiffs and defendants hereafter in any of the actions hereby consolidated shall be under the above-consolidated caption shall be filed only in MDL-1807.

IV. **Appointment of Lead Counsel**

8.  Jeffrey G. Smith and Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, New York, New York 10016, and Joseph W. Cotchett and the law firm of Cotchett, Pitre & McCarthy, San Francisco Airport Office Center, 840 Malcolm Rd., Suite 200, Burlingame, CA 94010, shall be appointed Plaintiffs' Lead Counsel for all plaintiffs in the Consolidated Action.

9.  Lead Counsel shall be co-chairs of an executive committee consisting of the following additional seven counsel: Edward J. Wynne and the Wynne Law Firm, 100 Drakes Landing Road, Suite 275, Greenbrae, CA 94904; John R. Wylie and Futterman Howard Watkins Wylie & Ashley, Chtd., 122 South Michigan Avenue, Suite 1850, Chicago, Il. 60603; Gerald D. Wells III and Schiffrin, Barroway, Topaz & Kessler LLP, 280 King of Prussia Road, Radnor, PA 19087; James F. Clapp and Dostart Clapp Gordon & Coveney, LLP, 4370 La Jolla Village Dr., Suite 970, San Diego, CA 92122; John Halebian and Lovell Stewart Halebian LLP, 500 Fifth Avenue, 58th Floor, New York, NY 10110; John Kelson and the John M. Kelson Law Office, 180 Grand Avenue, Suite 1550, Oakland, California 94612; and Thomas V. Girardi and Girardi and Keese, 1126 Wilshire Boulevard, Los Angeles, CA 90017 (the "Executive Committee").

10. The Executive Committee will assist Lead Counsel in exercising any aspect of Lead Counsel's authority in the Consolidated Action that Lead Counsel may request or assign.

11. Except as otherwise noted herein, Lead Counsel shall have authority to speak for plaintiffs in matters regarding pretrial procedures and settlement negotiations, and shall make all

465287                                    3

work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

12. Except as otherwise noted herein, Lead Counsel shall be responsible for the initiation, coordination and conduct of all activities, positions and appearances on behalf of plaintiffs and for the dissemination of notices and orders of this Court. Plaintiffs' Lead Counsel shall initiate, coordinate and conduct all discovery, appearances and motion practice on behalf of the plaintiffs in the Consolidated Action. No motion, request for discovery or other pretrial proceedings shall be initiated, conducted, responded to or filed by plaintiffs except through and with the express authorization of Lead Counsel.

13. Except as otherwise noted herein, Lead Counsel also shall be available to and responsible for communications to and from this Court. Lead Counsel shall be responsible for the creation and maintenance of a master service list of all parties and their respective counsel.

14. Defendants' counsel may rely upon all agreements made with Lead Counsel, or other representatives of plaintiffs duly authorized by Lead Counsel, and such agreements shall be binding on plaintiffs.

15. Lead Counsel will perform such other duties as may be incidental to the proper coordination of plaintiffs' pretrial activities or authorized by further order of the Court.

16. Notwithstanding anything herein to the contrary, Lead Counsel Jeffrey G. Smith and those members of the Executive Committee and other counsel who represent plaintiffs who have asserted claims against Prudential Securities, Inc., now known as Prudential Equity Group, Inc., prior to August 27, 2007 shall direct the litigation of such claims.

17. Any counsel other than Lead Counsel in any Related Action who believes that any particular act or decision of Lead Counsel or the Executive Committee could be detrimental

to their individual client's interest may petition the Court for good cause shown as to why their individual plaintiff and/or case should be exempt from such action. Plaintiffs' Lead Counsel shall have ten (10) days to respond to any such petition.

## V.  Consolidated Complaint

18.  Lead Counsel will file a consolidated complaint for all or some of the cases in the Consolidated Action, and any such complaint will be filed within 60 days hereof.

19.  Defendants' time to answer or respond to the complaints in these Consolidated Actions or any consolidated complaint filed by Lead Counsel, is extended to 45 days after the filing of any consolidated complaint.

20.  Lead Counsel and defendants' counsel shall promptly meet and confer to propose a case schedule for the Court by the 30th day after the entry of this order.

IT IS SO ORDERED.

DATED: September 6, 2007

_/s/ David O. Carter_
THE HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

465287                                                         5