EDWARD J. WYNNE (165819)
ewynne@wynnelawfirm.com
100 Drakes Landing Road, Ste. 275
Greenbrae, CA 94904
Tel:  (415) 461-6400
Fax:  (415) 461-3900

JEFFREY G. SMITH (133113)
smith@whafh.com
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel:  (212) 545-4600
Fax:  (212) 545-4653

JAMES F. CLAPP (145814)
jclapp@sdlaw.com
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Dr. Ste. 970
San Diego, CA 92122
Tel:  (858) 623-4200
Fax:  (858) 623-4299

[Additional Attorneys for Plaintiffs Listed Below]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: WACHOVIA SECURITIES, LLC WAGE & HOUR LITIGATION | MDL NO. 07-1807 DOC |
| | CONSOLIDATED CLASS AND COLLECTIVE ACTION COMPLAINT SOLELY AGAINST THE PRUDENTIAL DEFENDANTS |
| This document relates to: | |
| *Dewayne*, C.D. Cal. SACV 05-1031 DOC<br>*DiLustro*, C.D. Cal. SACV 06-722 DOC<br>*Gauhar*, C.D. Cal. SACV 06-7666 DOC<br>*Badain*, W.D.N.Y. 06-06321 MAT<br>*Goldstein*, S.D.N.Y. 05-7646 KMK<br>*Janowsky*, S.D.N.Y. 05-7660 KMK<br>*Panasenko*, E.D.N.Y. 06-01276 JS | Jury Trial Demanded |

## NATURE OF THE ACTION

1. Plaintiffs bring this lawsuit as a collective action under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all other persons similarly situated who suffered damages as a result of the Prudential Defendants' violations of the FLSA and the laws of California, New York, and Pennsylvania.

2. This Consolidated Class and Collective Action Complaint Against Prudential Defendants supersedes all previous complaints in this multidistrict litigation or any of the underlying matters to the extent such previous complaints asserted claims against Defendants Prudential Equity Group, LLC, Prudential Securities, Inc., and/or Prudential Financial, Inc. (collectively referred to herein as "Prudential" or the "Prudential Defendants").

## PARTIES

3. During the Applicable Recovery Periods (defined below), Plaintiffs Shawn P. Dewane, Michael DiLustro, and Paul Firth were citizens of the State of California; Charles Badain, Jason Goldstein, Peter Janowsky, Priscilla Mueller, Mary O'Reilly, Gene Panasenko, and Scott Standel were citizens of the State of New York; and Dean Rudofker was a citizen of the State of Pennsylvania. Collectively, these individuals are referred to herein as the "Prudential Plaintiffs."

4. During the Applicable Recovery Periods, Defendant Prudential Financial, Inc. was and is a New Jersey corporation with its principal place of business in New Jersey. During the Applicable Recovery Periods, Defendant Prudential Equity Group, LLC, was a Delaware Limited Liability Company with its principal place of business in the State of New York. Plaintiffs allege on information and belief that Prudential Equity Group, LLC is the successor of Defendant Prudential Securities, Inc., which was a Delaware Corporation, with its principal place of business in the State of New York. During the Applicable Recovery Periods, Prudential Equity Group, LLC did business throughout the United States as a NASD registered securities brokerage firm.

5.  During the Applicable Recovery Periods, Defendant Prudential Financial, Inc. was a New Jersey corporation with its principal place of business in the State of New Jersey. Plaintiffs allege on information and belief that Prudential Financial, Inc. holds an ownership and/or membership interest in Prudential Equity Group, LLC.

6.  On information and belief, Plaintiffs allege that each Prudential Defendant was the agent of each of the other Prudential Defendants, and in performing the acts alleged in this Complaint was acting within the course and scope of that agency.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1367 (supplemental jurisdiction). This Court also has original jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act) as the amount in controversy exceeds $5 million and several hundred Class Members' citizenship is different from Defendants' citizenship. In addition, none of the grounds for declining jurisdiction under 28 U.S.C. § 1332(d) are present.

8.  Venue is proper in this District pursuant to the Transfer Order of the United States Judicial Panel on Multidistrict Litigation, dated January 22, 2007.

## CLASS AND COLLECTIVE GROUP DEFINITIONS

9.  The Prudential Plaintiffs seek to represent the following "Class": All individuals who were actively employed by Prudential in the States of California, Pennsylvania, and/or New York in the following "Covered Positions" during the applicable periods described below (the "Applicable Recovery Period"):

(a)  Financial Advisors, producing Financial Advisors in Training ("FAITs"), producing Financial Advisors in the Career Development Program ("FACDPs"), Assistant Branch Managers, Assistant Branch Managers-Producing, Associate Branch Managers, Sales Managers, and Satellite Branch Managers (collectively "Producing Managers") actively employed by Prudential in the State of California at any time from September 13, 2001 to June 30, 2003;

3
Consolidated Class and Collective Action Complaint Against Prudential Defendants

(b) Financial Advisors, producing FAITs, and producing FACDPs actively employed by Prudential in the State of Pennsylvania at any time from August 3, 2001 to June 30, 2003;

(c) Financial Advisors, producing FAITs, and producing FACDPs actively employed by Prudential in the State of New York at any time from August 30, 1999 to June 30, 2003;

(d) Unregistered FAITs and unregistered FACDPs actively employed by Prudential in the State of New York at any time from June 27, 2000 to June 30, 2003; and

(e) Producing Managers actively employed by Prudential in the State of New York at any time from April 1, 2002 to June 30, 2003.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

10. Plaintiffs and the Class seek collective action certification with respect to their first claim for violation of the FLSA pursuant to 29 U.S.C. § 216(b).

11. Plaintiffs are similarly situated to the other members of the Class because they all: (a) worked for Prudential in Covered Positions during the Applicable Recovery Periods; (b) functioned primarily as inside salespersons; (c) had limited or no administrative responsibilities; (d) were not professionals within the meaning of the FLSA; and (e) worked overtime hours without receiving overtime compensation.

12. Plaintiffs and the Class seek class certification of their second and third claims for violation of state wage and hour laws pursuant to Fed. R. Civ. P. 23(b)(3).

13. Plaintiffs are informed and believe that the Class consists of more than 1,000 members, so the Class is so numerous that joinder is impractical.

14. There are questions of law and fact that are common to Plaintiffs and the Class, and these common questions predominate over individual issues. These include:

(a) Prudential's policies and practices regarding the payment of overtime to Class members;

(b) Prudential's policies and practices regarding the payment of commissions and/or salaries to Class members;

(c) The reasons why Prudential classified the Class members as exempt;

(d) The steps Prudential took, if any, to determine whether the Class members were properly classified as exempt;

(e) The duties and responsibilities of Class members;

(f) Whether the payment of a guaranteed draw against commissions qualifies as a salary for purposes of the salary basis test;

(g) The nature of Prudential's business, including whether Prudential qualified as a "retail or service establishment";

(h) Prudential's policies and practices regarding the deduction of business-related expenses from the Class members' commissions;

(i) Whether the deduction of business-related expenses from commissions violates applicable state laws;

(j) Whether Prudential's alleged misclassification of the Class members was willful, entitling Plaintiffs to liquidated damages and penalties; and

(k) Whether Prudential's alleged wrongful deduction of business-related expenses from commissions was willful, entitling Plaintiffs to liquidated damages and penalties.

15. Plaintiffs' claims are typical of the other Class members. Plaintiffs and the other Class members were injured by Prudential's company-wide business practices regarding the payment of overtime and the deduction of business-related expenses.

16. Plaintiffs will adequately represent the interests of the Class. Plaintiffs have retained counsel who are well-qualified to handle lawsuits of this type. Plaintiffs have no interests that are adverse to those of the Class.

17. Litigating these claims in a single action is superior to other methods for redressing these claims. Because the size of claims is relatively small, few if any Class members could afford to pursue their claims on an individual basis. In addition,

litigating these claims in a single action would streamline discovery and would avoid needless repetition of evidence at trial.

### FIRST CLAIM FOR RELIEF

### (Violation of the FLSA)

18. Plaintiffs incorporate by reference the previous allegations as though fully set forth herein.

19. Section 207(a)(1) of the FLSA states: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

20. During the Applicable Recovery Period, Plaintiffs and the Class members worked overtime but did not receive overtime pay.

21. Plaintiffs and the Class members did not qualify for any exemption under the FLSA.

22. As a result of Prudential's violations of the FLSA, Plaintiffs and the Class are entitled to damages, attorney's fees, costs, and interest in an amount to be proved at trial.

23. Prudential's violations of the FLSA were willful, entitling Plaintiffs and the Class to liquidated damages in an amount to be proved at trial.

### SECOND CLAIM FOR RELIEF

### (Violation of State Overtime Law)

24. Plaintiffs incorporate by reference the previous allegations as though fully set forth herein.

25. The laws of California, New York, and Pennsylvania require that an employee receive overtime pay for any hours worked in excess of 40 hours per week, and California law further requires that an employee receive overtime pay for any

hours worked in excess of 8 hours per day. See Cal. Lab. Code §§ 510(a), 1194, and Cal. Wage Order 4-2001, § 3(A); 12 NYCRR § 142-2.2; 43 Pa. Stat. § 333.104(c) and 34 Pa. Code § 231.41.

26. During the Applicable Recovery Period, Plaintiffs and the Class members worked more than 40 hours per week without receiving overtime pay. In addition, those Plaintiffs and Class members who were employed by Prudential in California worked more than 8 hours per day without receiving overtime pay.

27. Plaintiffs and the Class members did not qualify for any exemption under California, New York, or Pennsylvania law.

28. As a result of Prudential's violations of California, New York, and Pennsylvania law, Plaintiffs and the Class are entitled to damages in an amount to be proved at trial, plus attorney's fees, costs, interest, and penalties to the fullest extent permitted under applicable law. Notwithstanding the foregoing, no penalties, liquidated damages, or punitive damages are sought under New York law and are hereby waived.

## THIRD CLAIM FOR RELIEF

**(Recovery of Business Expense Deductions Under State Law)**

29. Plaintiffs incorporate by reference the previous allegations as though fully set forth herein.

30. The laws of California, New York, and Pennsylvania prevent an employer from withholding, diverting, or deducting any sums other than those specifically authorized by law from an employee's wages. See Cal. Lab. Code §§ 221, 224, 400-410 and 2802; N.Y. Lab. Law, Article 6 § 193 and 12 NYCRR § 195.1; and 43 P.S. § 260.3 and 34 Pa. Code § 9.1.

31. During the Applicable Recovery Period, Prudential deducted business-related expenses (including without limitation the cost of administrative support and losses due to trading errors) from Plaintiffs' and the Class members' wages in violation of applicable law.

32. Further, Prudential unlawfully failed to reimburse or indemnify Plaintiffs and the Class members for necessary business expenses they incurred in the course of their employment. Thus, Plaintiffs and the Class members were forced to incur expenditures and losses in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer, which were not reimbursed by Prudential.

33. As a result of Prudential's violations of California, New York, and Pennsylvania law, Plaintiffs and the Class are entitled to damages in an amount to be proved at trial, plus attorney's fees, costs, interest, and penalties to the fullest extent permitted under applicable state law. Notwithstanding the foregoing, no penalties, liquidated damages, or punitive damages are sought under New York law and are hereby waived.

## FOURTH CLAIM FOR RELIEF

### (Penalties for Failure to Pay Wages When Due)

34. Plaintiffs incorporate by reference the previous allegations as though fully set forth herein.

35. The laws of the States of California (Cal. Lab. Code §§201 et seq.) and Pennsylvania (43 P.S. §260.3), provide that when an employee is discharged or terminates employment for any reason, the employer must pay the employee all wages due by certain deadlines.

36. Prudential failed to pay Plaintiffs and the Class members their earned wages in a timely manner, in violation of applicable state laws. For those Plaintiffs and Class members who have terminated their employment with Prudential, Prudential has not tendered payment and/or restitution of wages owed to them at all or in the manner required by the laws of California and Pennsylvania, and has thereby caused such Plaintiffs and Class members to suffer damages. Class members who were employed by Prudential in California are also entitled to waiting time penalties pursuant to Cal. Lab. Code §203.

37. Prudential systematically underpaid its employees by holding back a portion of commissions for its own purposes to pay others, and then either paying the wages later than the time required under Cal. Lab. Code §204 or simply not paying them at all. Prudential did not timely pay Plaintiffs and Class members who were employed in California all wages due as required by Cal. Lab. Code §204.

38. Therefore, Plaintiffs and Class members are entitled to appropriate penalties under the laws of California for Prudential's failure to timely pay wages during the Applicable Recovery Periods.

### FIFTH CLAIM FOR RELIEF

#### (Failure to Provide Rest and Meal Periods)

39. Plaintiffs incorporate by reference the previous allegations as though fully set forth herein.

40. Prudential failed to provide those Plaintiffs and Class members who were employed in California with their required rest and meal breaks, and by failing to do so, Prudential violated the provisions of Cal. Lab. Code §§ 226.7, 512(a), and Section 12 of Wage Order 4-2001 of the California Industrial Wage Commission. As such, Plaintiffs and Class members who were employed in California seek one additional hour of premium pay at the employee's regular rate of compensation for each work day that a meal or rest period was not provided.

41. Therefore, Plaintiffs demand, on behalf of themselves and the other Class members who were employed in California, compensation of one additional hour of premium pay at the employee's regular rate of compensation for each work day that a meal or rest period was not provided, with interest and attorneys' fees, as provided by law.

### SIXTH CLAIM FOR RELIEF

#### (Failure to Make, Keep, and Provide Accurate Records)

42. Plaintiffs incorporate by reference the previous allegations as though fully set forth herein.

43. Prudential violated applicable laws, including but not limited to Cal. Lab. Code §§226(a) and 1174(d), by failing to make, keep, and furnish true and accurate employment, payroll, wage, and itemized statement records relating to Plaintiffs and the Class members, thereby causing injury.

44. For these reasons, Plaintiffs and the Class members who were employed in California are entitled to damages and statutory penalties.

### SEVENTH CLAIM FOR RELIEF

### (Violation of California Unfair Competition Law)

45. Plaintiffs incorporate by reference the previous allegations as though fully set forth herein.

46. Cal. Bus. & Prof. Code § 17200 provides: "As used in this chapter, unfair competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

47. Cal. Bus. & Prof. Code § 17204 provides that an action for violation of California's Unfair Competition Law may be brought persons who have suffered injury in fact and have lost money or property as a result of such unfair competition.

48. All of the conduct of Prudential alleged herein above in the First through Sixth Claims for Relief are acts of unfair competition under Cal. Bus. & Prof. Code §17200 et seq. for which Prudential is liable for damages and for which this Court should issue equitable and injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203.

49. Plaintiffs who were employed in California therefore may bring this action on behalf of themselves and on behalf of all Class members who were employed in California for Defendants' violations of Cal. Bus. & Prof. Code § 17200 et seq.

## PRAYER

WHEREFORE, the Prudential Plaintiffs and the Class pray for judgment against each Prudential Defendant, jointly and severally, as follows:

1. For compensatory and actual damages according to proof;
2. For penalties, punitive damages, and liquidated damages according to proof, except that no penalties, liquidated damages or punitive damages under New York law are sought in this action and are hereby waived;
3. For interest according to proof;
4. For appropriate restitutionary, declaratory, or injunctive relief according to proof;
5. For indemnification and reimbursement to Plaintiffs and the Class members of all employee expenses not reimbursed by Prudential;
6. For reasonable attorney's fees and costs of suit; and
7. For such other relief that the Court deems proper.

Dated: November 25, 2008                    DOSTART CLAPP GORDON & COVENEY, LLP

_____
JAMES F. CLAPP
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs and the Class demand trial by jury.

Dated: November 25, 2008                    DOSTART CLAPP GORDON & COVENEY, LLP

_____
JAMES F. CLAPP
Attorneys for Plaintiffs

1  ADDITIONAL PLAINTIFFS' COUNSEL:

2  MARK R. THIERMAN                     ARTHUR W. LAZEAR
   laborlawyer@pacbell.net              arthurlazear@sbcglobal.net
3  THIERMAN LAW FIRM                    HOFFMAN & LAZEAR
   7287 Lakeside Drive                  180 Grand Ave, Suite 1550
4  Reno, NV 89511                       Oakland, CA 94612
   Tel:  (775) 284-1500                 Tel:  (510) 763-5700
5  Fax:  (775) 703-5027                 Fax:  (510) 835-1311

6  LEON GREENBERG                       KEVIN J. McINERNEY (46941)
   wagelaw@hotmail.com                  kevin@mcinerneylaw.net
7  633 S. 4th St., Suite 9              McINERNEY & JONES
   Las Vegas, NV 89101                  18124 Wedge Pkwy #503
8                                       Reno, NV 89511
                                        Tel   (775) 849-3811
9                                       Fax   (775) 849-3866

10 RYAN F. STEPHAN                      MICHAEL SHEN & ASSOCIATES, P.C.
   rstephan@stephanzouras.com           225 Broadway, Suite 2515
11 STEPHANZOURAS LLP                    New York, NY 10007-3000
   205 N. Michigan Ave, Suite 2560      Tel:  (212) 227-0300
12 Chicago, IL 60601
   Tel   (312) 233-1550
13 Fax   (312) 233-1560

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Consolidated Class and Collective Action Complaint Against Prudential Defendants

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 4370 La Jolla Village Drive, Suite 970, San Diego, California 92122-1253.

On November 26, 2008, I served true copies of the following document(s) described as

**CONSOLIDATED CLASS AND COLLECTIVE ACTION COMPLAINT SOLELY AGAINST THE PRUDENTIAL DEFENDANTS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address kjordan@sdlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 26, 2008, at San Diego, California.

Kathryn A. Jordan

SERVICE LIST
In re: WACHOVIA SECURITIES, LLC WAGE & HOUR LITIGATION
Case No. MDL Case No. 07-1807 DOC

| | |
|---|---|
| Joseph W. Cotchett, Esq.<br>COTCHETT PITRE AND MCCARTHY<br>San Francisco Airport Office Center<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>Email: jcotchett@cpmlegal.com | Jeffrey G. Smith, Esq.<br>WOLF HALDENSTEIN ADLER<br>    FREEMAN & HERZ LLP<br>270 Madison Avenue<br>New York, NY 10019<br>Email: smith@whafh.com |
| M. Michael Cole, Esq.<br>Rebecca D. Eisen, Esq.<br>MORGAN LEWIS & BOCKIUS<br>Spear Street Tower<br>One Market<br>San Francisco, CA 94105<br>Email: mcole@morganlewis.com<br>        reisen@morganlewis.com | Alisa M. Chevalier, Esq.<br>LOCKE LORD BISSELL AND<br>    LIDDELL LLP<br>300 South Grand Avenue 26th Floor<br>Los Angeles, CA 90071<br>Email: achevalier@lockelord.com |
| Lorie E. Almon, Esq.<br>Brett C. Bartlett, Esq.<br>SEYFARTH SHAW<br>One Peachtree Point<br>1545 Peachtree Street NE, Suite 700<br>Atlanta, GA 30309<br>Email: lalmon@seyfarth.com<br>        bbartlett@seyfarth.com | Gerald L. Maatman, Jr., Esq.<br>SEYFARTH SHAW<br>131 South Dearborn Street, Suite 2400<br>Chicago, IL 60603<br>Email: gmaatman@seyfarth.com |
| Kenneth D. Sulzer, Esq.<br>John A. Van Hook, Esq.<br>SEYFARTH SHAW<br>2029 Century Park East, Suite 3300<br>Los Angeles, CA 90067-3063<br>Email: ksulzer@la.seyfarth.com<br>        jvanhook@seyfarth.com | Michele J. Beilke, Esq.<br>REED SMITH<br>355 South Grand Avenue, Suite 2900<br>Los Angeles, CA 90071<br>Email: mbeilke@reedsmith.com |
| William M. Brown, Esq.<br>SEYFARTH SHAW<br>400 Capitol Mall, Suite 2350<br>Sacramento, CA 95814<br>Email: wbrown@seyfarth.com | Mark H. Epstein, Esq.<br>Linda S. Goldman, Esq.<br>MUNGER TOLLES AND OLSON<br>355 S Grand Avenue 35th Floor<br>Los Angeles, CA 90071-1560<br>Email: mark.epstein@mto.com |

1 **PROOF OF SERVICE**

2 STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

3   At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 4370 La Jolla Village Drive, Suite 970, San Diego, California 92122-1253.

5   On November 26, 2008, I served true copies of the following document(s) described as

6 **CONSOLIDATED CLASS AND COLLECTIVE ACTION COMPLAINT SOLELY AGAINST THE PRUDENTIAL DEFENDANTS**

7   on the interested parties in this action as follows:

8 **SEE ATTACHED SERVICE LIST**

9 **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Dostart Clapp Gordon & Coveney, LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

   Executed on November 26, 2008, at San Diego, California.

Kathryn A. Jordan

**SERVICE LIST**
**In re: WACHOVIA SECURITIES, LLC WAGE & HOUR LITIGATION**
Case No. MDL Case No. 07-1807 DOC

Edward J. Wynne, Esq.
WYNNE LAW FIRM
100 Drakes Landing Road, Ste. 275
Greenbrae, CA 94904
Email: ewynne@wynnelawfirm.com

Ryan F. Stephan, Esq.
STEPHAN ZOURAS LLP
205 N. Michigan Ave, Suite 2560
Chicago, IL 60601

Leon Marc Greenburg, Esq.
LEON MARC GREENBERG LAW OFFICES
633 South 4th Street, Suite 9
Las Vegas, NV 89101

Mark R. Thierman, Esq.
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Email: laborlawyer@pacbell.net

MICHAEL SHEN & ASSOCIATES, P.C.
225 Broadway, Suite 2515
New York, NY 10007-3000

Kevin J. McInerney, Esq.
McINERNEY & JONES
18124 Wedge Parkway #503
Reno, NV 89511
Email: kevin@mcinerneylaw.net

Max Folkenflik, Esq.
FOLKENFLIK & McGERITY
1500 Broadway, 21st Floor
New York, NY 10036

Andrew J. Schaffran, Esq.
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060

Arthur W. Lazear, Esq.
HOFFMAN & LAZEAR
180 Grand Ave, Suite 1550
Oakland, CA 94612
Email: arthurlazear@sbcglobal.net