1  JOSEPH W. COTCHETT (36324)
   jcotchett@cpmlegal
2  NIALL P. McCARTHY (160175)
   nmccarthy@cpmlegal
3  NANCY L. FINEMAN (124870)
   nfineman@cpmlegal.com
4  COTCHETT, PITRE & McCARTHY
   San Francisco Airport Office Center
5  840 Malcolm Road, Suite 200
   Burlingame, CA 94010
6  Telephone: 650/697-6000
   Facsimile: 650/697-0577
7
   JEFFREY G. SMITH (133113)
8  smith@whafh.com
   WOLF HALDENSTEIN ADLER
9   FREEMAN & HERZ LLP
   270 Madison Avenue
10 New York, NY 10016
   Telephone: 212/545-4600
11 Facsimile: 212/545-4653
   Attorneys for Plaintiffs
12
   [Additional Attorneys For Plaintiffs Appear
13 in Appendix]

14                 UNITED STATES DISTRICT COURT

15                 CENTRAL DISTRICT OF CALIFORNIA

16

17 | IN RE WACHOVIA SECURITIES, LLC ) | MDL – 07-1807
18 | WAGE AND HOUR LITIGATION ) | Lead Case:
19 |                                 ) | SACV-05-1031 DOC(RNBx)
   |                                 ) |
20 | This Document Relates to:        ) |
   |                                 ) |
21 |       ALL ACTIONS                ) | **CONSOLIDATED CLASS AND**
   |                                 ) | **COLLECTIVE ACTION**
22 |                                 ) | **COMPLAINT**
   |                                 ) |
23 |                                 ) | **[For Coordinated Pre-trial**
   |                                 ) | **Proceedings]**
24 |                                 ) |
25 | ——————————————————————————— ) | **Jury Trial Demanded**

26

27

28



**INTRODUCTION**

1.     Plaintiffs Shawn P. Dewane, Robert Burakoff, Michael Dilustro, Paul Firth, Jonathan Graham, Carrie Morich, Scott Lowe, Larry Phillips, Debra M. Reda-Cappos, Gilbert Good, Anthony J. Mooney, Bruce Barron, George Keim, Amir Gauhar, Dean Rudofker, Charles Badain, Mary O'Reilly, Jason Goldstein, Scott Standel, Peter Janowsky, Gerald Rouse, Gene Panasenko, Alan B. Krichman, Jay Austin, Anthony N. Codispoti and John Cochran ("Plaintiffs"), by and through their attorneys, make the following allegations upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters. This Consolidated Class and Collective Action Complaint is filed for purposes of coordinated pre-trial proceedings and by filing said Complaint, Plaintiffs do not waive their rights to have their actions remanded for further proceedings to the original venues in which said actions were filed at or before the conclusion of the coordinated pre-trial proceedings, pursuant to 28 U.S.C. §1407(a).

**NATURE OF THE ACTION**

2.     Plaintiffs bring this lawsuit as a collective action under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq*. and as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all other persons similarly situated who suffered damages as a result of the violations of the FLSA and of the Labor Laws of the States of California, Illinois, Minnesota, New York, New Jersey, Ohio, and the Commonwealth of Pennsylvania, and as a result of other wrongful conduct and improper labor practices committed by Defendants.

3.     The persons Plaintiffs seek to represent are: (a) current and former Financial Advisors (also known as and sometimes referred to herein as "Securities Brokers") who were and/or are employed by Defendants in the United States and (b) current and former Financial Advisor Trainees (also known as and sometimes referred to herein as "Securities Broker Trainees" or "Trainees") who were and/or are employed by Defendants in the United States, who are and/or were employed by

Defendants on a commission or salary basis, and to whom Defendants failed to pay overtime for work performed in excess of 40 hours per week as required by law and/or are and/or were subjected to unlawful deductions from their pay by Defendants and/or were unlawfully compelled to pay for Defendants' business expenses and/or were unlawfully charged back for commissions and/or the actual value of stock or other losses allegedly caused by them through simple negligence or through no fault of their own. The positions in which the persons identified in sub-paragraphs (a) and (b) of this paragraph were employed by Defendants are collectively referred to herein as "Covered Positions."

4.    The group and classes that Plaintiffs seek to represent are:

(a)    the "Federal Collective Group" that consists of all individuals who were or are employed by Defendants in Covered Positions in the United States of America at any time since August 30, 2002 (the "Federal Eligibility Period") who timely opt-in to any such collective group; and

(b)    the "State Law Class" consisting of all individuals employed by Defendants in Covered Positions in California, Illinois, Minnesota, Pennsylvania, New York, New Jersey and Ohio, at any time during the maximum applicable limitations periods authorized by the laws of those jurisdictions, including: (i) all individuals employed by Defendants in Covered Positions in the State of California at any time since September 13, 2001; (ii) all individuals employed by Defendants in Covered Positions in the State of Illinois at any time since August 30, 2003; (iii) all individuals employed by Defendants in Covered Positions in the State of Minnesota at any time since August 31, 2003; (iv) all individuals employed by Defendants in Covered Positions in the Commonwealth of Pennsylvania at any time since May 5, 2002;

- 2 -

| 1 | (v) all individuals employed by Defendants in Covered Positions |
| 2 | in the State of New York at any time since August 30, 1999; (vi) |
| 3 | all individuals employed by Defendants in Covered Positions in |
| 4 | the State of New Jersey at any time since September 21, 2000; |
| 5 | and (vii) all individuals employed by Defendants in Covered |
| 6 | Positions in the State of Ohio at any time since June 1, 2005 |
| 7 | (collectively the "State Law Class Periods"). |
| 8 | (c) The following State Law Sub-Classes, included in the |
| 9 | State Law Class: |
| 10 | (i) The "State Law Charge Back Sub-Class" consisting |
| 11 | of members of the State Law Class employed in Covered |
| 12 | Positions in California, Pennsylvania, New York and New |
| 13 | Jersey during the relevant State Law Class Periods, who |
| 14 | were and are subject to improper deductions and charge |
| 15 | backs, as more fully alleged herein below; |
| 16 | (ii) The "State Law Waiting Time/Penalties Sub-Class" |
| 17 | consisting of members of the State Law Class employed in |
| 18 | Covered Positions in California and New Jersey during |
| 19 | the relevant State Law Class Periods, who were and are |
| 20 | entitled to late payment or waiting time penalties as a |
| 21 | result of Defendants' failure to timely pay such |
| 22 | employees; and |
| 23 | (iii) The "State Law Rest/Meal Periods/Unfair |
| 24 | Competition Sub-Class" consisting of members of the |
| 25 | State Law Class employed in Covered Positions in |
| 26 | California during the relevant State Law Class Period, |
| 27 | who were and are entitled to rest and/or meal periods and |
| 28 | who were and are entitled to be protected from unfair |

- 3 -

competition.

5.    As a result of Defendants' violation of the FLSA and the Labor Laws of California, Illinois, Minnesota, Pennsylvania, New York, New Jersey and Ohio, Plaintiffs and members of the Federal Collective Group and members of the State Law Class were unlawfully under-compensated for their work.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1331, federal question jurisdiction, 28 U.S.C. §1332(d), the Class Action Fairness Act of 2005, and 28 U.S.C. §1367, supplemental jurisdiction of state law claims

7.    Venue is proper in this District pursuant to the Transfer Order of the United States Judicial Panel on Multidistrict Litigation ("MDL"), and under 28 U.S.C. §1391(b)(1) and §1391(c) in the Districts in which each coordinated action was originally filed because the named Defendants reside in each of those Districts and many of the acts complained of occurred in each of those Districts.

## PARTIES

8.    During the relevant periods Plaintiffs Shawn P. Dewane, Robert Burakoff, Michael Dilustro, Paul Firth, Jonathan Graham, Carrie Morich, Scott Lowe, Larry Phillips, Debra M. Reda-Cappos and Gilbert Good, residents and citizens of California; Anthony J. Mooney, a resident and citizen of Arizona (and during the term of his employment, a resident and citizen of Illinois); Bruce Barron, a resident and citizen of Minnesota; George Keim, a resident and citizen of Florida; Amir Gauhar and Dean Rudofker, residents and citizens of Pennsylvania; Charles Badain, a resident and citizen of Florida (and during the term of his employment, a resident and citizen of New York); Mary O'Reilly, Jason Goldstein, Scott Standel, Peter Janowsky, Gerald Rouse and Gene Panasenko, residents and citizens of New York; Alan B. Krichman, Jay Austin and Anthony N. Codispoti, residents and citizens of New Jersey; and John Cochran, a resident and citizen of Ohio, were all

1 | employed by one or more Defendants in Covered Positions in the United States.

2 |      9.     During the State Law Class Periods Plaintiffs Shawn P. Dewane,
3 | Robert Burakoff, Michael Dilustro, Paul Firth, Jonathan Graham, Carrie Morich,
4 | Scott Lowe, Debra M. Reda-Cappos, Larry Phillips and Gilbert Good were
5 | employed by one or more Defendants in Covered Positions in the State of
6 | California; Plaintiff Anthony J. Mooney was employed by one or more Defendants
7 | in a Covered Position in the State of Illinois; Plaintiff Bruce Barron was employed
8 | by one or more Defendants in a Covered Position in the State of Minnesota;
9 | Plaintiffs Amir Gauhar and Dean Rudofker were employed by one or more
10 | Defendants in Covered Positions in the Commonwealth of Pennsylvania; Plaintiffs
11 | Charles Badain, Mary O'Reilly, Jason Goldstein, Scott Standel, Peter Janowsky,
12 | Gerald Rouse and Gene Panasenko were employed by one or more Defendants in
13 | Covered Positions in the State of New York; Plaintiffs Alan B. Krichman, Jay
14 | Austin and Anthony N. Codispoti were employed by one or more Defendants in
15 | Covered Positions in the State of New Jersey; and Plaintiff John Cochran was
16 | employed by one or more Defendants in a Covered Position in the State of Ohio.

17 |      10.    During the Federal Eligibility and State Law Class Periods, Defendant
18 | Wachovia Securities, LLC, was and is a Delaware Limited Liability Company with
19 | its principal place of business in the State of Virginia, whose principal address is
20 | believed to be Riverfront Plaza, 901 East Byrd Street, Richmond, Virginia 23219,
21 | and does business throughout the United States as a NASD registered securities
22 | brokerage firm with offices located nation-wide, including California, Illinois,
23 | Minnesota, Florida, Pennsylvania, New York, New Jersey and Ohio, where
24 | Plaintiffs were employed. Defendant Wachovia Securities, LLC is a subsidiary of
25 | Defendant Wachovia Corporation and employs and employed during the Federal
26 | Eligibility and State Law Class Periods over 10,000 Securities Brokers and Trainees
27 | at any one time throughout the United States, including California, Illinois,
28 | Minnesota, Florida, Pennsylvania, New York, New Jersey and Ohio. Plaintiffs

estimate that the Federal Collective Group and the State Law Class far exceed the number of Securities Brokers and Trainees employed by Wachovia at any one time during the relevant Federal Eligibility and State Law Class Periods.

11. During the Federal Eligibility and State Law Class Periods, Defendant Wachovia Corporation was and is a North Carolina corporation with its principal place of business in the State of North Carolina, whose principal address is believed to be One Wachovia Center, Charlotte, North Carolina 28288-0013, with offices nationwide. Wachovia Securities, LLC is a consolidated subsidiary of Wachovia Corporation and both companies are hereafter sometimes collectively referred to as "Wachovia."

12. Defendant First Union Securities, Inc. ("First Union") is believed to be a Delaware corporation with its principal place of business in the State of Delaware, whose principal address is believed to be 2711 Centerville Road Suite 400, Wilmington, DE 19808, and during the Federal Eligibility and State Law Class Periods was the brokerage arm of First Union Corporation, which merged with Defendant Wachovia Corporation, which merger was completed in 2003. At that time, First Union Securities, Inc. is believed to have merged with Wachovia Securities, LLC, which became and now is the brokerage arm of the merged banks and is the brokerage arm of Defendant Wachovia Corporation.

13. During the Federal Eligibility and State Law Class Periods, Defendant Prudential Equity Group, Inc., was a Delaware Corporation with its principal place of business in the State of New York, whose principal address is believed to be One New York Plaza, New York, NY 10292, and is the successor of Prudential Securities, Inc., which also was a Delaware Corporation, with its principal place of business in the State of New York. Prudential Equity Group, Inc. does business in all the jurisdictions of the United States as a NASD registered securities brokerage firm with offices located nation-wide throughout the United States, including California, Illinois, Minnesota, Florida, Pennsylvania, New York, New Jersey and

- 6 -

Ohio, where Plaintiffs were employed, and has conducted business at those locations. Defendant Prudential Equity Group, Inc. is a subsidiary of Defendant Prudential Financial, Inc. and employs, and employed during the Federal Eligibility and State Law Class Periods, thousands of Securities Brokers and Trainees at any one time throughout the United States, including California, Illinois, Minnesota, Florida, Pennsylvania, New York, New Jersey and Ohio. Plaintiffs estimate that the Federal Collective Group and the State Law Class far exceed the thousands of Securities Brokers and Trainees employed by Prudential at any one time during the relevant Federal Eligibility and State Law Class Periods.

14. During the Federal Eligibility and State Law Class Periods, Defendant Prudential Financial, Inc. was and is a New Jersey corporation with its principal place of business in the State of New Jersey, and whose principal address is believed to be 751 Broad Street, Newark, NJ, 07102. Prudential Financial, Inc. did and does business and maintains offices nationwide, is the holding company of Prudential Equity Group, Inc. and has a substantial ownership interest in Wachovia Securities, LLC. Defendants Prudential Equity Group, Inc., Prudential Securities, Inc. and Prudential Financial, Inc. are hereafter sometimes collectively referred to as "Prudential."

15. Plaintiffs, upon information and belief, allege that during the Federal Eligibility and State Law Class Periods, Defendants Wachovia Corporation, Wachovia Securities, LLC, Prudential Securities, Inc., Prudential Equity Group, Inc., Prudential Financial, Inc., and First Union Securities, Inc., (all of whom are hereafter sometimes collectively referred to as "Defendants,") were each the agent of the other Defendants, and in performing the acts alleged in this Complaint were acting within the course and scope of that agency, and any reference to "Defendant" or "Defendants" shall mean "Defendants and each of them." Defendants are individually, jointly and severally liable as the employers of the Plaintiffs and each Plaintiff class member because each Defendant directly or indirectly, or through an

- 7 -

agent or any other person, employed or exercised control over the wages, hours and working conditions of Plaintiffs and the other members of the Federal Collective Group and the State Law Class.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiffs Shawn P. Dewane, Robert Burakoff, Michael Dilustro, Paul Firth, Jonathan Graham, Carrie Morich, Scott Lowe, Debra M. Reda-Cappos, Larry Phillips, Gilbert Good, Anthony J. Mooney, Bruce Barron, George Keim, Amir Gauhar, Dean Rudofker, Charles Badain, Mary O'Reilly, Jason Goldstein, Scott Standel, Peter Janowsky, Gene Panasenko, Alan B. Krichman, Jay Austin, Anthony N. Codispoti and John Cochran (the "Federal Collective Group Plaintiffs"), bring this action on behalf of themselves and the Federal Collective Group pursuant to the FLSA, §216(b).

17.     The State Law Class Plaintiffs are informed and believe that there are thousands of members of the Federal Collective Group.

18.     The Federal Collective Group Plaintiffs are similarly situated to the other members of the Federal Collective Group because they all (a) worked for Defendants as Financial Advisors/Securities Brokers during the Federal Eligibility Period; (b) functioned exclusively or primarily as inside sales persons; (c) had limited or no administrative responsibilities; (d) were and are not professionals within the meaning of the FLSA; and (e) worked overtime hours without receiving overtime compensation. As a result, there are questions of law and fact common to the Federal Collective Group Plaintiffs and the other members of the Federal Collective Group; and, therefore, the Federal Collective Group Plaintiffs have a well-defined community of interest with and are adequate representatives of the Federal Collective Group.

19.     The following questions of law and fact common to the Federal Collective Group predominate over questions which may affect only individual members of the Federal Collective Group:

- 8 -

        (a)    Whether Defendants failed to adequately compensate the
                    members of the Federal Collective Group for overtime
                    hours worked as required by the FLSA; and

        (b)    Whether the members of the Federal Collective Group
                    have been damaged and, if so, the extent of such damages.

20. Plaintiffs Shawn P. Dewane, Robert Burakoff, Michael Dilustro, Paul Firth, Jonathan Graham, Carrie Morich, Scott Lowe, Debra M. Reda-Cappos, Larry Phillips, Gilbert Good, Anthony J. Mooney, Bruce Barron, Amir Gauhar, Dean Rudofker, Charles Badain, Mary O'Reilly, Jason Goldstein, Scott Standel, Peter Janowsky, Gerald Rouse, Gene Panasenko, Alan B. Krichman, Jay Austin, Anthony N. Codispoti and John Cochran (the "State Law Class Plaintiffs"), bring this action on behalf of themselves, and the State Law Class pursuant to Fed. R. Civ. P. 23.

21. The State Law Class Plaintiffs are informed and believe that there are thousands of members of the State Law Class and hundreds, if not thousands, of members of each of the State Law Sub-Classes; thus, the State Law Classes and each of the State Law Sub-Classes are so numerous that joinder is impractical.

22. There are questions of law and fact common to the State Law Class Plaintiffs and the other members of the State Law Class and there are questions of law and fact common to each of the State Law Sub-Class Plaintiffs and the other members of each of the State Law Sub-Classes; and, therefore, those Plaintiffs who are members of the State Law Class and those Plaintiffs who are members of each State Law Sub-Class are similarly situated to the other members of their Class and Sub-Classes and are adequate representatives of the State Law Class and each of the State Law Sub-Classes, respectively.

23. The following questions of law and fact are common to the State Law Class and the State Law Sub-Classes and predominate over questions which may affect only individual members of the State Law Class and each of the State Law Sub-Classes:

(a)   Whether Defendants failed to adequately compensate the members of the State Law Class for overtime hours worked as required by the Labor Laws of California, Illinois, Minnesota, Pennsylvania, New York, New Jersey and Ohio, including, without limitation: (i) California Labor Code ("Cal. Lab. Code"), §510(a); (ii) Illinois Minimum Wage Act, 820 LCS 105/4a; (iii) Minnesota Fair Labor Standards Act ("MFLSA"), M.S.A. §177.21, *et seq.*; (iv) Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §333.101, *et seq.*; (v) NYCRR §142-2.2 and New York Labor Law Article 19 §650 *et seq.*; (vi) New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a through 34:11:56a30; and (vii) Ohio Revised Code §4111.03(A);

(b)   Whether Defendants wrongfully deducted monies from the wages of the members of the State Law Charge Back Sub-Class and/or otherwise required members of the State Law Charge Back Sub-Class to pay for support staff and other overhead expenses and/or reversed trades in violation of the Labor Laws of California, Pennsylvania, New York and New Jersey, including, without limitation: (i) Cal. Lab. Code, §§2802, 203, 204, 221, 406, and 407; (ii) Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §260.1, *et seq.*; (iii) New York Labor Law Article 6 §193; and (iv) New Jersey State Wage and Hour Law, N.J.S.A. 34:11-4.4;

(c)   Whether Defendants violated the Labor Laws of California and New Jersey, including, without limitation, Cal. Lab. Code, §§203, and 211, *et seq.*, and the New

- 10 -

Jersey Wage Payment Law, N.J.S.A. 34:11-4.3, which provide that when an employee is discharged or terminates employment for any reason, the employer must pay the employee all wages due not later than the regular payday for the pay period during which the employee's termination, suspension or cessation of employment took place, by failing to tender payment and/or restitution of wages owed or in the manner required by the Labor Laws of California and New Jersey, to the State Law Waiting Time/Penalties Sub-Class;

(d) Whether Defendants wrongfully failed to provide members of the State Law Rest/Meal Periods/Unfair Competition Sub-Class with rest and/or meal periods in violation of Cal. Lab. Code §§1198 and 226.7, and the regulations and orders implementing the Code, and committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.,* by failing to pay the members of the State Law Rest/Meal Periods/Unfair Competition Sub-Class overtime pay for all hours worked in excess of forty (40) hours in a workweek in violation of the FLSA and Cal. Lab. Code §§510(a) and 1194, and by failing to comply with Cal. Lab. Code §§203, 204, 221, 226.7, 406, 407, 1194, 1198 and 2802; and

(e) Whether the members of the State Law Class have been damaged and, if so, the extent of such damages; whether the members of the State Law Waiting Time/Penalties Sub-Class are entitled to penalties and, if so, the extent of

- 11 -

such penalties; whether defendants are liable to the members of the State Law Rest/Meal Periods/Unfair Competition Sub-Class for premium pay of one hour for each workday such rest and/or meal periods were denied and for damages resulting from acts of unfair competition, and, if so, the extent of such damages.

24. Plaintiffs are asserting claims that are typical of the claims of the Federal Collective Group, the State Law Class, and the State Law Sub-Classes. Plaintiffs will fairly and adequately represent and protect the interests of the Federal Collective Group, the State Law Class, and the State Law Sub-Classes, and have no interests antagonistic to those of the other members of the Federal Collective Group and/or the State Law Class and/or the State Law Sub-Classes. Plaintiffs have retained attorneys who are competent and experienced in the prosecution of class and collective action litigation.

25. Plaintiffs and other members of the Federal Collective Group, the State Law Class and the State Law Sub-Classes, have suffered damages as a result of Defendants' wrongful conduct. Because the size of the claims of the individual members of the Federal Collective Group, the State Law Class, and each of the State Law Sub-Classes are relatively small, few, if any, members of the Federal Collective Group and/or the State Law Class and/or the State Law Sub-Classes, could afford to seek legal redress for the wrongs complained of herein. A collective and class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.

26. Absent a collective and class action, the members of the Federal Collective Group, the State Law Class and the State Law Sub-Classes, likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the FLSA and the Labor Laws of California, Illinois, Minnesota, Pennsylvania, New York, New Jersey and Ohio, including, without limitation: (i)

Cal. Bus. & Prof. Code §17200 *et seq.* and provisions of the Cal. Lab. Code, including §§203, 204, 221, 226.7, 406, 407, 510(a), 1194, 1198 and 2802; (ii) Illinois Minimum Wage Act, 820 LCS 105/4a; (iii) MFLSA, M.S.A. §177.21, *et seq.*; (iv) PWPCL, 43 P.S. §260.1, *et seq.* and the PMWA, 43 P.S. §333.101, *et seq.*; (v) New York Labor Law Article 6 §193, Article 19 §650 *et seq.* and 12 NYCRR §142-2.2; (vi) N.J.S.A. 34:11-56a through 34:11:56a30 and 34:11-4.4; and (vii) Ohio Revised Code §4111.03(A).

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

27.    Defendants sold and sell securities and other financial products with offices nation-wide.

28.    Plaintiffs were inside sales persons whom Defendants paid on a commission or salary basis without any premium for overtime pay as required by law.

29.    Defendants required members of the State Law Charge Back Sub-Class to pay additional wages to the brokers' assistant(s) for doing the business of Defendants.

30.    Defendants also charged and/or refused to compensate the members of the State Law Charge Back Sub-Class for other costs of doing business.

31.    If a customer challenged the transactions done for their benefit by the members of the State Law Charge Back Sub-Class, Defendants would deduct the amount of any loss from the commissions due the Securities Broker both for the actual losses incurred by the customer and any commission paid on that transaction.

32.    Neither Plaintiffs nor the other members of the State Law Class, were or are part of any group exempt from the overtime requirements of Federal Law, or the Labor Laws of California, Illinois, Minnesota, Pennsylvania, New York, New Jersey or Ohio.

33.    Members of the Federal Collective Group and the State Law Class were and are not "professionals" and did not perform executive or administrative

functions as defined by the FLSA, or by the Labor Laws of the States and jurisdictions of the United States, including, without limitation, the Labor Laws of California, Illinois, Minnesota, Florida, Pennsylvania, New York, New Jersey or Ohio.

34. Plaintiffs and other members of the Federal Collective Group and the State Law Class were not and are not outside salespersons as defined in the FLSA and by the Labor Laws of California, Illinois, Minnesota, Florida, Pennsylvania, New York, New Jersey and Ohio, since they performed their sales functions inside Defendants' offices.

## FIRST CLAIM FOR RELIEF

## (Restitution for Failure to Pay Overtime to the Federal Collective Group- Violation of FLSA §207)

35. The Federal Collective Group Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein and allege the following claim for relief on behalf of themselves and on behalf of the Federal Collective Group under the FLSA.

36. Section 207(a)(1) of the FLSA provides in pertinent part:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. §207(a)(1).

37. Section 207(i) of the FLSA provides for certain exemptions from the above provision:

- 14 -

No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable work week specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C. §207(i).

38.     The Section 207(i) exemption does not apply to the Federal Collective Group herein because Defendants do not qualify as "retail or service establishments." Section 779.317 of the Secretary of Labor's regulations provides a "partial list of establishments to which the retail concept [and thus the section 207(i) exemption] does not apply." 29 C.F.R. §779.317. Included in that list are "brokers, custom house; freight brokers; stock or commodity brokers, [and] ... securities dealers." *Id.*

39.     Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary school), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 U.S.C. §551 *et seq.*] except that an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his work week which he devotes to

- 15 -

1  activities not directly or closely related to the performance of his
2  executive or administrative activities, if less than 40 per centum of his
3  hours worked in the work week are devoted to such activities).
4  29 U.S.C. §213(a)(1).

5  40.  The Section 213(a)(1) exemption for employees employed in a
6  professional capacity is inapplicable because the Federal Collective Group Plaintiffs
7  and the other members of the Federal Collective Group, who work on commission,
8  are not employed in a bona fide professional capacity.

9  41.  Moreover, the professional exemption does not apply to the Federal
10  Collective Group Plaintiffs and the other members of the Federal Collective Group
11  because the status of a securities broker is not a recognized profession in a field of
12  science or learning, and the skills are acquired through experience and an
13  apprenticeship and the passage of a series of exams through self-study rather than at
14  any institution of higher learning.

15  42.  In addition, for an occupation to qualify for the professional exemption,
16  the occupation must be generally recognized as a profession requiring advanced
17  knowledge in a field of science or learning customarily acquired by a prolonged
18  course of specialized intellectual instruction.  There is no generally recognized
19  advanced degree from an institution of higher academic learning related to work as
20  a stock broker, and even if there were, it is not generally required to have such a
21  degree in order to become a securities broker employee of Defendants.

22  43.  The Section 213(a)(1) exemption for employees employed in the
23  capacity of outside salesman does not apply because the members of the Federal
24  Collective Group were, or are, outside salespersons because the members of the
25  Federal Collective Group were not customarily and regularly engaged away from
26  Defendants' places of business in making sales.

27  44.  The Section 213(a)(1) exemption for executive or administrative
28  personnel does not apply to members of the Federal Collective Group since they

1  were not responsible for the supervision of other employees of Defendants and their
2  primary duty is selling securities and other financial products.

3      45.    The Federal Collective Group under the FLSA includes all Securities
4  Broker employees of Defendants in the United States.

5      46.    For purposes of the FLSA, the employment practices of Defendants
6  were and are uniform throughout the United States in all respects material to the
7  claims asserted in this Complaint.

8      47.    There are no other exemptions applicable to Plaintiffs and/or to the
9  other members of the Federal Collective Group.

10     48.    The Federal Collective Group Plaintiffs and the other members of the
11 Federal Collective Group regularly worked more than 40 hours per week for
12 Defendants, and received no premium pay for hours worked in excess of 40 hours
13 per week.

14     49.    Defendants violated the FLSA by failing to pay the Federal Collective
15 Group overtime pay for all hours worked in excess of forty (40) hours in a
16 workweek.

17     50.    In committing the wrongful acts alleged to be in violation of the FLSA,
18 Defendants acted willfully in that they knowingly, deliberately and intentionally
19 failed to pay overtime to the Federal Collective Group Plaintiffs and the other
20 members of the Federal Collective Group.

21     51.    As a result of Defendants' failure to pay overtime, the Federal
22 Collective Group Plaintiffs and the other members of the Federal Collective Group
23 were damaged in an amount to be proved at trial.

24     52.    Therefore, the Federal Collective Group Plaintiffs demand that they
25 and the other members of the Federal Collective Group be paid overtime
26 compensation as required by the FLSA for every hour of overtime worked in any
27 work week for which they were not so compensated and an additional amount equal
28 as liquidated damages, plus interest and attorneys' fees as provided by law.

- 17 -

1
2                        **SECOND CLAIM FOR RELIEF**

3            **(Failure to Pay Overtime to Members of the State Law Class)**

4        53.    The State Law Class Plaintiffs repeat and reallege by reference the
5    allegations set forth above, as though set forth herein in full and allege the
6    following claim for relief under the Labor Laws of California, Illinois, Minnesota,
7    Pennsylvania, New York, New Jersey and Ohio on behalf of themselves and on
8    behalf of the State Law Class.

9        54.    The Labor Laws of California, Illinois, Minnesota, Pennsylvania, New
10   York, New Jersey and Ohio, provide that any work performed by persons employed
11   in Covered Positions in excess of forty (40) hours in any one workweek, or, in the
12   case of Minnesota forty-eight (48) hours, shall be compensated with overtime
13   premium pay at a scale based on a multiple of the regular rate of pay for an
14   employee.    Additionally, California law requires that employees in Covered
15   Positions be compensated with overtime premium pay for any hours they work in
16   excess of eight (8) hours per day. As such, the State Law Class Plaintiffs and the
17   other members of the State Law Class are entitled to such overtime premium
18   compensation for work performed in excess of forty (40) hours in any one
19   workweek, or, in the case of Minnesota forty-eight (48) hours, and in the case of
20   California, over eight (8) hours per day, while employed by Defendants in such
21   Covered Positions in such States and jurisdictions of the United States.

22       55.    Plaintiffs Shawn P. Dewane, Robert Burakoff, Michael Dilustro, Paul
23   Firth, Jonathan Graham, Carrie Morich, Scott Lowe, Debra M. Reda-Cappos, Larry
24   Phillips and Gilbert Good and the other members of the State Law Class employed
25   in Covered Positions in California performed overtime work and were and are
26   entitled to be paid overtime compensation for every hour of overtime worked in any
27   workweek for which they were not so compensated, as required by the California
28   Labor Code, which requires that employees be compensated for overtime work as

                                     - 18 -

1  follows:

2       (a)    Cal. Lab. Code §510(a) provides, in relevant part:

3  Eight hours of labor constitutes a day's work. Any work in
4  excess of eight hours in one workday and any work in excess of
5  40 hours in any one workweek and the first eight hours worked
6  on the seventh day of work in any one workweek shall be
7  compensated at the rate of no less than one and one-half times
8  the regular rate of pay for an employee. Any work in excess of
9  12 hours in one day shall be compensated at the rate of no less
10  than twice the regular rate of pay for an employee. In addition,
11  any work in excess of eight hours on any seventh day of a
12  workweek shall be compensated at the rate of no less than twice
13  the regular rate of pay of an employee;

14       (b)    Cal. Lab. Code §515(d) provides that:

15  For the purpose of computing the overtime rate of compensation
16  required to be paid to a nonexempt full-time salaried employee,
17  the employee's regular hourly rate shall be 1/40th of the
18  employee's weekly salary; and

19       (c)    Cal. Lab. Code §1194(a) states:

20  Notwithstanding any agreement to work for a lesser wage, any
21  employee receiving less than the legal minimum wage or the
22  legal overtime compensation applicable to the employee is
23  entitled to recover in a civil action the unpaid balance of the full
24  amount of this minimum wage or overtime compensation,
25  including interest thereon, reasonable attorney's fees, and costs
26  of suit.

27      56.    Plaintiff Anthony J. Mooney and the other members of the State Law
28  Class employed in Covered Positions in Illinois, performed overtime work and were

- 19 -

and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as required by the Illinois Minimum Wage Act, 820 LCS 105/4a ("IMWA"), which provides that no employer shall employ any employees for a work week of more than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours at a rate not less than 1.5 times the regular rate at which such employee is employed, except as otherwise provided; and none of the exemptions to the IMWA apply to Plaintiff Anthony J. Mooney or to the other members of the State Law Class employed in Covered Positions in Illinois, who are thus entitled to overtime pay for all hours worked in excess of forty (40) hours per week pursuant to the IMWA.

57.    Plaintiff Bruce Barron and the other members of the State Law Class employed in Covered Positions in Minnesota, performed overtime work and were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as required by the MFLSA, M.S.A. §177.21, *et seq.*, including specifically M.S.A. §177.25, which provides that an employee is entitled to overtime pay, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty eight (48) hours per week and no exceptions to the MFLSA apply to Plaintiff Bruce Barron or to the other members of the State Law Class employed in Covered Positions in Minnesota, who are thus entitled to be paid overtime compensation as required by the MFLSA, for every pay period they were not paid such overtime.

58.    Plaintiffs Amir Gauhar and Dean Rudofker and the other members of the State Law Class employed in Covered Positions in Pennsylvania performed overtime work and were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as required by the PMWA, 43 P.S. §333.101, *et seq.*, and the regulations implementing the PMWA, which provide that employers must pay overtime

- 20 -

premium pay to employees who work in excess of 40 hours per week unless the employees fall into one or more express "exemptions," none of which apply to Plaintiffs Amir Gauhar and Dean Rudofker or to the other members of the State Law Class employed in Covered Positions in Pennsylvania, who were and are thus entitled to overtime pay for all work performed in excess of 40 hours per week, as required by the PMWA, 43 P.S. §333.101, *et seq.*

59.     Plaintiffs Charles Badain, Mary O'Reilly, Jason Goldstein, Scott Standel, Peter Janowsky, Gerald Rouse and Gene Panasenko and all other members of the State Law Class employed in Covered Positions in New York regularly work and/or worked more than 40 hours per week, and were, or are, compensated on either (i) a straight commission basis with no base salary, or (ii) entirely on salary, in either case with no premium pay for hours worked in excess of 40 hours and no exceptions to New York Labor Law apply to them; thus, Plaintiffs Charles Badain, Mary O'Reilly, Jason Goldstein, Scott Standel, Peter Janowsky, Gerald Rouse and Gene Panasenko and all other members of the State Law Class employed in Covered Positions in New York, were and are entitled to be paid overtime compensation for every hour of overtime worked in any work week for which they were not so compensated, as required by New York Law, 12 NYCRR §142-2.2 and New York Labor Law Article 19 §650 *et seq.*, which requires the payment of overtime compensation at one and one half times the regular rate for all hours worked in excess of forty (40) hours a week to non-exempt employees. 12 NYCRR §142-2.2, provides:

> An employer shall pay an employee for overtime at a wage rate of one
> and one-half times the employee's regular rate in the manner and
> methods provided in and subject to the exemptions of Section [20]7
> and Section [2]13 of 29 U.S.C. 201 *et seq.*, the Fair Labor Standards
> Act of 1938 as Amended, provided, however that the exemptions set
> forth in Section [2]13(a)(2) and [2]13(a)(4) shall not apply.     In

- 21 -

addition, an employer shall pay employees subject to the exemptions of Section [2]13 of the Fair Labor Standards Act, as Amended, except employees subject to Section [2]13(a)(4) of such Act, overtime at a wage rate of one and one-half time the basis minimum hourly rate.

60. Plaintiffs Alan B. Krichman, Jay Austin and Anthony N. Codispoti and the other members of the State Law Class employed in Covered Positions in New Jersey regularly worked more than 40 hours per week for Defendants, and received no premium pay for hours worked in excess of 40 hours per week and were and are not exempt from the overtime requirements of New Jersey's Labor Laws, and implementing regulations, and thus were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as required by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to 34:11-56a30, which provides that any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half (1-½) times the regular rate of pay for an employee.

61. Plaintiff John Cochran and the other members of the State Law Class employed in Covered Positions in Ohio worked more than forty (40) hours per week, and none of the exclusions or exemptions under FLSA applied to them, thus they were entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as required by Ohio Revised Code §4111.03(A), which provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one work week, in the manner and methods provided in and subject to the exemptions of Section 7 and Section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. §207, 213, as amended."

62. The overtime laws of California, Illinois, Minnesota, Pennsylvania, New York, New Jersey and Ohio, exempt from these overtime premium pay

- 22 -

requirements certain "white collar" employees employed in a bona fide executive, administrative or professional capacity who are paid on a salary basis not less than a certain dollar amount.

63. Neither the Sate Law Class Plaintiffs nor the other members of the State Law Class are part of any group exempt from the overtime requirements of the laws of California, Illinois, Minnesota, Pennsylvania, New York, New Jersey and Ohio.

64. The professional exemption does not apply to the State Law Class Plaintiffs or the other members of the State Law Class because the status of a Securities Broker is not a recognized profession in a field of science or learning or artistic endeavor, and the job duties of a Securities Broker do not require an advanced degree.

65. Any exemption under the laws of California, Illinois, Minnesota, Pennsylvania, New York, New Jersey and Ohio for executive or administrative personnel does not apply to the members of the State Law Class since, among other reasons, their primary duties were not in management and they were not responsible for the supervision of other employees of Defendants, nor were their primary duties the performance of office work related to management or the internal business operations of Defendants, but rather were the sale of financial products to the Defendant-employers' customers.

66. Any exemption under overtime laws of California, Illinois, Minnesota, Pennsylvania, New York, New Jersey and Ohio for employees employed in the capacity of outside salespersons does not apply because the members of the State Law Class, were, or are, outside salespersons because the members of the State Law Class were employed at the Defendants' places of business.

67. As a result of Defendants' employment policies, the members of the State Law Class employed by Defendants during the State Law Class Period regularly worked and/or work more than forty (40) hours per week, and, in

1  Minnesota, more than forty-eight (48) hours per week, with no premium pay for
2  hours worked in excess of forty (40) hours, or, in the case of Minnesota forty-eight
3  (48) hours, and as a result thereof, suffered damages.

4      68.    Defendants violated the rights of their employees in Covered Positions
5  in California, Illinois, Minnesota, Pennsylvania, New York, New Jersey and Ohio in
6  violation of Cal. Lab. Code §§510(a), 1194, the IMWA, 820 LCS 105/4a, the
7  MFLSA, M.S.A. §177.21, *et seq.*, the PWPCL, 43 P.S. §§260.1, *et seq.* and the
8  PMWA, 43 P.S. §§333.101, *et seq.*, 12 NYCRR §142-2.2, the New Jersey State
9  Wage and Hour Law, N.J.S.A. 34:11-56a to 34:11-56a30 and Ohio Revised Code
10 §4111.03(A), respectively, and the implementing regulations and the public policies
11 articulated therein, by failing to pay the State Law Class overtime pay, as alleged
12 hereinabove.

13     69.    Therefore, the State Law Class Plaintiffs demand that they and all other
14 members of the State Law Class be paid overtime compensation as required by the
15 overtime laws of California, Illinois, Minnesota, Pennsylvania, New York, New
16 Jersey and Ohio, including, without limitation, Cal. Lab. Code §510(a), the IMWA,
17 820 LCS 105/4a, the MFLSA, M.S.A. §177.25, the PMWA, 43 P.S. §333.101, *et*
18 *seq.*, NYCRR §142-2.2 (2005), the New Jersey Wage and Hour Law, N.J.S.A.
19 34:11-56a to 34:11-56a30 and Ohio Revised Code §4111.03(A), for every hour of
20 overtime worked in any workweek during the State Law Class Periods for which
21 they were not so compensated, plus interest and attorneys' fees, as provided by law.

22                           **THIRD CLAIM FOR RELIEF**

23                  **(Impermissible Deductions and Charge Backs-State**

24                           **Law Charge Back Sub-Class)**

25     70.    Plaintiffs Shawn P. Dewane, Robert Burakoff, Michael Dilustro, Paul
26 Firth, Jonathan Graham, Carrie Morich, Scott Lowe, Debra M. Reda-Cappos, Larry
27 Phillips, Gilbert Good, Amir Gauhar, Dean Rudofker, Charles Badain, Mary
28 O'Reilly, Jason Goldstein, Scott Standel, Peter Janowsky, Gerald Rouse, Gene

- 24 -

1 Panasenko, Alan B. Krichman, Jay Austin and Anthony N. Codispoti repeat and
2 reallege by reference the allegations set forth above, as though set forth herein in
3 full, and allege the following claim for relief under the Labor Laws of California,
4 Pennsylvania, New York and New Jersey on behalf of themselves and on behalf of
5 the State Law Charge Back Sub-Class.

6      71.    The Labor Laws of California, Pennsylvania, New York and New
7 Jersey, prohibit an employer from "withholding" or "diverting" from wages any
8 sums other than those specifically authorized by law.

9      72.    For example, the California Labor Code and the regulations
10 implementing the Code impose the following restrictions on employers, such as
11 Defendants, in dealing with their employees, such as Plaintiffs Shawn P. Dewane,
12 Robert Burakoff, Michael Dilustro, Paul Firth, Jonathan Graham, Carrie Morich,
13 Scott Lowe, Debra M. Reda-Cappos, Larry Phillips and Gilbert Good, and the other
14 members of the State Law Charge Back Sub-Class employed by Defendants in
15 Covered Positions in California:

16           (a)   Cal. Lab. Code §2802(a) provides:

17           An employer shall indemnify his or her employee for all
18           necessary expenditures or losses incurred by the employee in
19           direct consequence of the discharge of his or her duties, or of his
20           or her obedience to the directions of the employer, even though
21           unlawful, unless the employee, at the time of obeying the
22           directions, believed them to be unlawful;

23           (b)   Cal. Lab. Code 406 provides:

24           Any property put up by an employee, or applicant as a part of the
25           contract of employment, directly or indirectly, shall be deemed
26           to be put up as a bond and is subject to the provisions of this
27           article whether the property is put up on a note or as a loan or an
28           investment and regardless of the wording of the agreement under

- 25 -

| 1 | which it is put up; |

(c)     Cal. Lab. Code 407 provides:

Investments and the sale of stock or an interest in a business in connection with the securing of a position are illegal as against the public policy of the State and shall not be advertised or held out in any way as a part of the consideration for any employment; and

(d)     Section 8 Wage Order 4-2001 of the Industrial Wage Commission, 8 CCR 11040(8) provides:

No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee.

73.     Pennsylvania law limits deductions from the pay of employees, such as Plaintiffs Amir Gauhar and Dean Rudofker, and the other members of the State Law Charge Back Sub-Class employed in Covered Positions in Pennsylvania, by employers, such as Defendants, to certain specifically enumerated circumstances spelled out in the PWPCL, 43 P.S. §§260.1, *et seq.*, 43 P.S. §260.3, and the applicable regulations promulgated by the Secretary of Labor and Industry of the Commonwealth of Pennsylvania.

74.     Further, New York Labor Law Article 6 §193 expressly prohibits an employer from making unauthorized deductions from employees' wages; thus, deductions are prohibited unless the deductions are (1) "expressly authorized" by and "for the benefit of the employee" and, (2) are limited to enumerated categories of permissible deductions.     Nowhere in said statute are employers, such as Defendants, authorized to deduct from the pay of employees such as Plaintiffs Charles Badain, Mary O'Reilly, Jason Goldstein, Scott Standel, Peter Janowsky,

- 26 -

Gerald Rouse and Gene Panasenko, or from the pay of similarly situated employees, such as the other members of the State Law Charge Back Sub-Class employed in Covered Positions in New York, wages payable to other employees of Defendants.

75.     Similarly, the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-4.4, prohibits an employer from "withholding" or "diverting" from wages any sums other than those specifically authorized by that statute. Nowhere in the statute are employers, such as Defendants herein, authorized to deduct from the pay of employees, such as Plaintiffs Alan B. Krichman, Jay Austin and Anthony N. Codispoti, or from the pay of similarly situated employees, such as the other members of the State Law Charge Back Sub-Class employed in Covered Positions in New Jersey, wages payable to other employees of Defendants.

76.     Defendants made unlawful deductions from the wages paid to Plaintiffs Shawn P. Dewane, Robert Burakoff, Michael Dilustro, Paul Firth, Jonathan Graham, Carrie Morich, Scott Lowe, Debra M. Reda-Cappos, Larry Phillips, Gilbert Good, Amir Gauhar, Dean Rudofker, Charles Badain, Mary O'Reilly, Jason Goldstein, Scott Standel, Peter Janowsky, Gerald Rouse, Gene Panasenko, Alan B. Krichman, Jay Austin and Anthony N. Codispoti and the other members of the State Law Charge Back Sub-Class, and/or required them to pay for expenses which were, as a matter of law, the employers' overhead expenses, including: (a) deductions of the wages paid to "cold callers" hired to obtain business for Defendants; (b) deductions for amounts paid to the Securities Broker's secretary or sales assistant(s) for conducting Defendants' business and communicating with customers; (c) deductions for marketing materials promoting Defendants' business; and (d) deductions for "broken trades." A "broken trade" is when a customer challenged a transaction done for his or her benefit by the Securities Broker and the trade was canceled. If the cancellation of the transaction resulted in a loss, Defendants deducted the amount of any loss from the commissions due the Securities Broker, both for the actual losses incurred by the customer and any commission paid on that

- 27 -

1 transaction; however, if the cancellation of the transaction resulted in a gain on the
2 transaction, Defendants retained the gain for their own benefit.

3     77.    The described deductions violate the laws of California, Pennsylvania,
4 New York and New Jersey, including, without limitation, Cal. Lab. Code §2802(a),
5 PWPCL, 43 P.S. §260.3, N.Y. Lab. Law Art. 6 §193 and New Jersey State Wage
6 and Hour Law, N.J.S.A. 34:11-4.4, because they are not for the benefit of the
7 employees, not authorized by law and/or not of a similar type of the deductions
8 allowable under the statutes.

9     78.    Thus, Plaintiffs Shawn P. Dewane, Robert Burakoff, Michael Dilustro,
10 Paul Firth, Jonathan Graham, Carrie Morich, Scott Lowe, Debra M. Reda-Cappos,
11 Larry Phillips, Gilbert Good, Amir Gauhar, Dean Rudofker, Charles Badain, Mary
12 O'Reilly, Jason Goldstein, Scott Standel, Peter Janowsky, Gerald Rouse, Gene
13 Panasenko, Alan B. Krichman, Jay Austin and Anthony N. Codispoti and the other
14 members of the State Law Charge Back Sub-Class were forced to incur
15 expenditures and losses in direct consequence of the discharge of their duties, or of
16 their obedience to the directions of their employer, which have not yet been
17 reimbursed by Defendants. As such, said Plaintiffs and the other members of the
18 State Law Charge Back Sub-Class were forced to contribute to the capital and
19 expenses of the Defendants' business which contributions must be refunded by
20 Defendants to each said Plaintiff and each other member of the State Law Charge
21 Back Sub-Class.

22     79.    Therefore, Plaintiffs Shawn P. Dewane, Robert Burakoff, Michael
23 Dilustro, Paul Firth, Jonathan Graham, Carrie Morich, Scott Lowe, Debra M.
24 Reda-Cappos, Larry Phillips, Gilbert Good, Amir Gauhar, Dean Rudofker, Charles
25 Badain, Mary O'Reilly, Jason Goldstein, Scott Standel, Peter Janowsky, Gerald
26 Rouse, Gene Panasenko, Alan B. Krichman, Jay Austin and Anthony N. Codispoti
27 demand, on behalf of themselves and the other members of the State Law Charge
28 Back Sub-Class, an accounting and reimbursement for all deductions, expenditures

or losses charged or incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employers, plus return of all coerced investments in the business of the employers, in violation of the Labor Laws of California, Pennsylvania, New York and New Jersey, with interest and attorneys' fees, as provided by law.

## FOURTH CLAIM FOR RELIEF

### (Delay in Payments; Penalties-State Law Waiting Time/Penalties Sub-Class)

80.     Plaintiffs Shawn P. Dewane, Robert Burakoff, Michael Dilustro, Paul Firth, Jonathan Graham, Carrie Morich, Scott Lowe, Debra M. Reda-Cappos, Larry Phillips, Gilbert Good, Alan B. Krichman, Jay Austin and Anthony N. Codispoti repeat and reallege by reference the allegations set forth above, as though set forth herein in full, and allege the following claim for relief under the Labor Laws of California and New Jersey on behalf of themselves and on behalf of the State Law Waiting Time/Penalties Sub-Class.

81.     The laws of the States of California (Cal. Lab. Code §§201, *et seq.*) and New Jersey (N.J.S.A. 34:11-4.3), provide that when an employee, such as Plaintiffs Shawn P. Dewane, Robert Burakoff, Michael Dilustro, Paul Firth, Jonathan Graham, Carrie Morich, Scott Lowe, Debra M. Reda-Cappos, Larry Phillips, Gilbert Good, Alan B. Krichman, Jay Austin and Anthony N. Codispoti, and the other members of the State Law Waiting Time/Penalties Sub-Class, is discharged or terminates employment for any reason, the employer must pay the employee all wages due by certain deadlines. For example, Cal. Lab. Code §202 provides that when an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. The New Jersey Wage Payment Law, N.J.S.A. 34:11-4.3, requires such payments to be made not later than the regular payday for the pay period

- 29 -

1  during which the employee's termination, suspension or cessation of employment
2  took place. Further, Cal. Lab. Code §204 provides that all wages earned for labor in
3  excess of the normal work period shall be paid no later than the payday for the next
4  regular payroll period and requires all wages other than salaries to be paid not less
5  than twice a month.

6      82.  Many Plaintiffs, including, for example, Shawn P. Dewane, Robert
7  Burakoff, Michael Dilustro, Paul Firth, Jonathan Graham, Carrie Morich, Scott
8  Lowe, Debra M. Reda-Cappos, Larry Phillips, Gilbert Good, Alan B. Krichman, Jay
9  Austin and Anthony N. Codispoti, and many of the other members of the State Law
10 Waiting Time/Penalties Sub-Class, have terminated their employment with
11 Defendants, but Defendants have not tendered payment and/or restitution of wages
12 owed to them at all or in the manner required by the laws of California and New
13 Jersey, and have thereby caused such Plaintiffs and such members of the State Law
14 Waiting Time/Penalties Sub-Class to suffer damages. Moreover, members of the
15 State Law Waiting Time/Penalties Sub-Class who were employed in Covered
16 Positions in California who are no longer employed by Defendants are also entitled
17 to waiting time penalties pursuant to Cal. Lab. Code §203.

18     83.  Moreover, Defendants systematically underpaid its employees by
19 holding back a significant portion of commissions for its own purposes to pay
20 others, and then either paying the wages later than the time required under Cal. Lab.
21 Code §204 or simply not paying them at all; thus, Defendants did not pay Plaintiffs
22 Shawn P. Dewane, Robert Burakoff, Michael Dilustro, Paul Firth, Jonathan
23 Graham, Carrie Morich, Scott Lowe, Debra M. Reda-Cappos, Larry Phillips and
24 Gilbert Good and the other members of the State Law Waiting Time/Penalties Sub-
25 Class who were employed in Covered Positions in California all wages due as
26 required by Cal. Lab. Code §204, which still have not been paid.

27     84.  Therefore, Plaintiffs Shawn P. Dewane, Robert Burakoff, Michael
28 Dilustro, Paul Firth, Jonathan Graham, Carrie Morich, Scott Lowe, Debra M.

- 30 -

1  Reda-Cappos, Larry Phillips, Gilbert Good, Alan B. Krichman, Jay Austin and
2  Anthony N. Codispoti demand, on behalf of themselves and the other members of
3  the State Law Waiting Time/Penalties Sub-Class, appropriate penalties, if
4  applicable, under the laws of California and New Jersey, for Defendants' failure to
5  timely pay wages during the State Law Class Periods, including all applicable
6  penalties on behalf of members of the State Law Waiting Time/Penalties Sub-Class
7  who were or are employed in Covered Positions in California for violations of the
8  California Labor Code which the California Labor and Workforce Development
9  Agency fails or refuses to investigate and/or fails to issue a citation, pursuant to the
10 California Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code
11 §§2698, *et seq.*, with interest and attorneys' fees, as provided by law.

12  ## FIFTH CLAIM FOR RELIEF

13  ### (Failure to Provide Rest and Meal Periods and Violation of Unfair
14  Competition Law (Cal. Bus. & Prof. Code §17200)-State Law Rest/Meal
15  Periods/Unfair Competition Sub-Class)

16      85.     Plaintiffs Shawn P. Dewane, Robert Burakoff, Michael Dilustro, Paul
17  Firth, Jonathan Graham, Carrie Morich, Scott Lowe, Debra M. Reda-Cappos, Larry
18  Phillips and Gilbert Good repeat and reallege by reference the allegations set forth
19  above, as though set forth herein in full, and allege the following claim for relief
20  under the Labor Laws and the Unfair Competition Law of California on behalf of
21  themselves and on behalf of the State Law Rest/Meal Period/Unfair Competition
22  Sub-Class.

23      86.     Defendants failed to provide rest and/or meal periods without any work
24  or duties to Plaintiffs Shawn P. Dewane, Robert Burakoff, Michael Dilustro, Paul
25  Firth, Jonathan Graham, Carrie Morich, Scott Lowe, Debra M. Reda-Cappos, Larry
26  Phillips and Gilbert Good or to the other the members of the State Law Rest/Meal
27  Periods Sub-Class who worked more than three (3) and one half hours per day, and
28  by failing to do so, Defendants violated the provisions of Cal. Lab. Code 226.7 and

Section 12 of Wage Order 4-2001 of the California Industrial Wage Commission (8 CCR 1100(12)). As such, Plaintiffs Shawn P. Dewane, Robert Burakoff, Michael Dilustro, Paul Firth, Jonathan Graham, Carrie Morich, Scott Lowe, Debra M. Reda-Cappos, Larry Phillips and Gilbert Good, on behalf of themselves, and all of the members of the State Law Rest/Meal Periods Sub-Class, seek one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided.

87.     Plaintiffs Shawn P. Dewane, Robert Burakoff, Michael Dilustro, Paul Firth, Jonathan Graham, Carrie Morich, Scott Lowe, Debra M. Reda-Cappos, Larry Phillips and Gilbert Good further allege that they and therefore may bring this action on behalf of themselves and on behalf of all members of the State Law Rest/Meal Periods/Unfair Competition Sub-Class, for Defendants' violations of Cal. Bus. & Prof. Code §17200, *et seq.*

88.     Cal. Bus. & Prof. Code §17200 provides:

As used in this chapter, unfair competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

89.     Cal. Bus. & Prof. Code §17204 provides that an action for violation of California's Unfair Competition Law may be brought persons who have suffered injury in fact and have lost money or property as a result of such unfair competition.

90.     The conduct of Defendants alleged hereinabove in the First, Second, Third and Fourth Claims for Relief and paragraphs 86b and 87 of this Fifth Claim for Relief, *i.e.*, the failure to pay the members of the State Law Rest/Meal Periods/Unfair Competition Sub-Class overtime premium pay required by the FLSA and the California Labor Code, the failure to reimburse members of the State Law Rest/Meal Periods/Unfair Competition Sub-Class for necessary business expenses

- 32 -

1  they incurred in the course of their employment in violation of the California Labor
2  Code, the failure to pay members of the State Law Rest/Meal Periods/Unfair
3  Competition Sub-Class compensation when due, as required by the California Labor
4  Code and the failure to provide the members of the State Law Rest/Meal
5  Periods/Unfair Competition Sub-Class with rest and meal periods, as required by
6  the California Labor Code, are acts of unfair competition under Cal. Bus. & Prof.
7  Code §17200, *et seq.*, for which Defendants are liable for damages and for which
8  this Court should issue equitable and injunctive relief, pursuant to Cal. Bus. & Prof.
9  Code §17203.

10      91.    Unless enjoined, Defendants, and each of them, will continue to fail to
11  pay wages to members of the State Law Rest/Meal Periods/Unfair Competition
12  Sub-Class, as required by law.

13      92.    Therefore, Plaintiffs Shawn P. Dewane, Robert Burakoff, Michael
14  Dilustro, Paul Firth, Jonathan Graham, Carrie Morich, Scott Lowe, Debra M.
15  Reda-Cappos, Larry Phillips and Gilbert Good demand, on behalf of themselves and
16  the other members of the State Law Rest/Meal Periods/Unfair Competition
17  Sub-Class, compensation of one additional hour of pay at the employee's regular
18  rate of compensation for each work day that a meal or rest period was not provided,
19  with interest and attorneys' fees, as provided by law and further demand, on behalf
20  of themselves and on behalf of all members of the State Law Rest/Meal
21  Periods/Unfair Competition Sub-Class, that Defendants make full restitution of
22  wages wrongfully withheld and for labor taken without proper compensation to all
23  employees in Covered Positions in the State of California; that pursuant to Cal. Bus.
24  & Prof. Code §17200, *et seq.*, the Court enjoin Defendants, and each of them, from
25  engaging in these, or similar, unlawful business practices; and further demand that
26  Defendants be ordered to search their records to identify all commissions and wages
27  wrongfully retained or withheld from or charged to such employees as well as all
28  unpaid commissions they have assessed against such employees, which Defendants

- 33 -

shall be ordered to hold in an equitable, constructive and/or resulting trust for the benefit of employees to whom restitution is owed and unpaid, to be paid to each such individuals that the Defendants can locate, with the remainder to be deposited with the California Labor Commissioner as Trustee for the Industrial Relations Unpaid Wage Fund of the State of California, pursuant to California. Cal. Lab. Code §§96.6 and 96.7, with the name, last known address and social security number of each remaining unpaid class member, or, if the Labor Commissioner will not accept these funds, then to the National Employment Lawyers Association (a not for profit organization located in San Francisco, CA, dedicated to promoting the employment rights of workers), in the manner provided by Cal. Code of Civ. Pro. §384.

WHEREFORE, in accordance with all of the above claims in the First through Fifth Claims for Relief, inclusive, Plaintiffs demand judgment in their favor and in favor of the other members of the Federal Collective Group and the State Law Class, including the State Law Sub-Classes, and against Defendants, individually, jointly and severally, for:

A. A Declaration that Defendants have violated the FLSA, State Labor Laws and other applicable employment laws;

B. An Order certifying the Federal Collective Group and designating this action as a collective action pursuant to the FLSA;

C. An Order certifying the State Law Class and the State Law Sub-Classes and designating this action as a class action pursuant to Fed. R. Civ. P. 23;

D. An Order appointing Plaintiffs and their counsel to represent the Federal Collective Group, the State Law Class and the State Law Sub-Classes, as defined in this Complaint;

E. Compensatory damages, including restitution for both regular and overtime compensation due Plaintiffs and the other members of the Federal Collective Group and the State Law Class during the applicable Federal Eligibility

1  Period and the State Law Class Periods, plus interest thereon at the statutory rate;

2      F.      Restitution and reimbursement to Plaintiffs and the other members of
3  the State Law Charge Back Sub-Class of all employee expenses not reimbursed by
4  Defendants during the relevant State Law Class Periods, including, without
5  limitation: expenses incurred to pay assistants and other employees of Defendants,
6  all commissions charged back to Plaintiffs and the other members of the State
7  Charge Back Sub-Law Class and/or all other monies either unlawfully deducted
8  from wages or required to be paid back directly by Defendants, including any gain
9  on any incomplete or undone trades;

10      G.      An order temporarily, preliminarily and permanently enjoining and
11  restraining Defendants from engaging in similar unlawful conduct as set forth
12  herein;

13    . H.     An order requiring Defendants to provide an accounting of all wages
14  and all sums unlawfully charged back and withheld from compensation due to
15  Plaintiffs and the other members of the Federal Collective Group and State Law
16  Class, including the State Law Sub-Classes;

17      I.      Imposition of a constructive trust upon the assets of the Defendants to
18  the extent of the sums due to Plaintiffs and the other members of the Federal
19  Collective Group and State Law Class, including the State Law Sub-Classes;

20      J.      Declaratory relief including declarations setting forth the rights of
21  Plaintiffs and the members of the Federal Collective Group and the State Law Class,
22  including the State Law Sub-Classes, as alleged in this Complaint and setting forth
23  the Defendants' violations of those rights;

24      K.      Appropriate penalties, as may be applicable, under the laws of the
25  States and jurisdictions of the United States, for Defendants' failure to timely pay
26  wages during the State Law Class Periods;

27      L.      Prejudgment Interest;

28      M.      Reasonable attorneys' fees, litigation expenses and costs of suit; and

- 35 -

1    N.    Such other and further relief as the Court deems just and equitable;
2   however, no penalties (statutory or otherwise), liquidated damages or punitive
3   damages of any kind under New York law are sought in this action and are
4   expressly waived.

5        **Plaintiffs demand a trial by jury for all matters so triable.**

6   DATED: November 5, 2007                    COTCHETT, PITRE & McCARTHY
7                                              JOSEPH W. COTCHETT
                                               NIALL P. McCARTHY
8                                              NANCY L. FINEMAN

9

10                                             JOSEPH W. COTCHETT

11                                             San Francisco Airport Office Center
12                                             840 Malcolm Road, Suite 200
                                               Burlingame, CA 94010
13                                             Telephone: 650/697-6000
                                               Facsimile: 650/697-0577
14

15  DATED: November 5, 2007                    WOLF HALDENSTEIN ADLER
                                               FREEMAN & HERZ LLP
16                                             JEFFREY G. SMITH
                                               ROBERT ABRAMS
17

18

19                                             JEFFREY G. SMITH

20

21                                             270 Madison Avenue
                                               New York, NY 10016
22                                             Telephone: 212/545-4600
                                               Facsimile: 212/545-4653

23                                             Lead Attorneys for Plaintiffs

24

25

26

27

28  WACHOVIA:492834.v3

                                - 36 -

# APPENDIX OF RELATED CASES

## Member and Related Cases

1. *Robert Burakoff v. Wachovia Corporation, et al.*, Case No. 2:05-cv-07550-DOC-RNB (U.S.D.C., CD California).

2. *Michael Dilustro and Paul Firth v. Prudential Securities, Inc., Prudential Equity Group, Inc., Wachovia Securities, et al.*, Case No. 2:06-cv-00722-DOC-RNB (U.S.D.C., CD California).

3. *Shawn P. Dewane v. Prudential Equity Group Inc., Prudential Securities, Inc., Wachovia Securities, LLC, et al.*, Case No. 8:05-cv-01031-DOC-RNB (U.S.D.C., CD California).

4. *Jonathan Graham v. Wachovia Securities, Inc., et al.*, Case No. 2:05-cv-08187-DOC-RNB (U.S.D.C., CD California).

5. *Carrie Morich and Scott Lowe v. Wachovia Corporation, Wachovia Securities, LLC, at al.*, Case No. 8:06-cv-00136-DOC-RNB (U.S.D.C., CD California).

6. *Debra M. Reda-Cappos v. Wachovia Corporation and Wachovia Securities, LLC*, Case No. 2:06-cv-08304-DOC-RNB (U.S.D.C., CD California).

7. *Amir Gauhar and Dean Rudofker v. Wachovia Securities, LLC*, Case No. 2:06-cv-07666-DOC-RNB (U.S.D.C., CD California) [Transferred Case No. 2:06-cv-02860-WY (U.S.D.C., E.D. Pennsylvania)].

8. *Larry Phillips v. Wachovia Corporation and Wachovia Securities, LLC*, Case No. 2:07-cv-04512-DOC-RNB (U.S.D.C., CD California).

9. *Gilbert Good v. Wachovia Corporation and Wachovia Securities, LLC*, Case No. 2:07-cv-05509-DOC-RNB (U.S.D.C., CD California).

## Related Cases Awaiting Transfer or Assignment

10. *Anthony J. Mooney v. Wachovia Securities, LLC*, Case No. 1:06-cv-04698-EEB (U.S.D.C., ND Illinois).

- 37 -

1    11.    *Bruce Barron v. Wachovia Securities, LLC*, Case No. 06-cv-03545-
2  MJD (U.S.D.C., D. Minnesota).

3    12.    *George Keim v. Wachovia Securities, LLC*, Case No. 8:06-cv-01565-
4  SDM-MAP (U.S.D.C., M.D. Florida).

5    13.    *Charles Badain and Mary O'Reilly v. Wachovia Securities, LLC and*
6  *Prudential Securities, Inc.*, Case No. 6:06-cv-06321-MAT (U.S.D.C., W.D. New
7  York).

8    14.    *Jason Goldstein and Scott Standel v. Prudential Financial, Inc. and*
9  *Wachovia Securities LLC.*, Case No. 1:05-cv-07646-KMK (U.S.D.C., S.D. New
10 York).

11   15.    *Peter Janowsky v. Wachovia Securities LLC. and Prudential Securities,*
12 *Inc.*, Case No. 1:05-cv-07660-KMK (U.S.D.C., S.D. New York), Hon. Kenneth M.
13 Karas, presiding.

14   16.    *Gerald Rouse v. First Union Securities, Inc. and Wachovia Securities*
15 *LLC.*, Case No. 1:05-cv-08852-RCC (U.S.D.C., S.D. New York).

16   17.    *Alan B. Krichman v. Wachovia Corporation, Wachovia Securities,*
17 *LLC, First Union Securities, Inc.*, Case No. 2:06-cv-04487-PGS-RJH (U.S.D.C., D.
18 New Jersey).

19   18.    *Gene Panasenko v. Wachovia Corporation, Wachovia Securities LLC*
20 *and Prudential Financial Inc.*, Case No. 2:06-cv-01276-JS-MLO (U.S.D.C., E.D.
21 New York).

22   19.    *Jay Austin and Anthony N. Codispoti v. Wachovia Securities*, Case No.
23 3:06-cv-04931-GEB-TJB (U.S.D.C., D. New Jersey).

24   20.    *John Cochran v. Wachovia Securities, LLC*, Case No. 2:07-cv-00505-
25 GCS-TJB (U.S.D.C., S.D. Ohio).

26
27
28

- 38 -

## APPENDIX OF ADDITIONAL PLAINTIFFS' COUNSEL

JOHN HALEBIAN
jhalebian@lshllp.com
ADAM C. MAYES (SBN 200188)
amayes@lshllp.com
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue, 58th Floor
New York, NY 10110
Tel:  (212) 608-1900
Fax:  (212) 719-4677

EDWARD J. WYNNE
ewynne@wynnelawfirm.com
J.E.B. PICKETT
WYNNE LAW FIRM
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Tel:  (415) 461-6400

JOHN M. KELSON (SBN 75462)
kelsonlaw@sbcglobal.net
LAW OFFICE OF JOHN M. KELSON
1999 Harrison Street, Suite 700
Oakland, CA 94612
Tel:  (510) 465-1326
Fax:  (510) 465-0871

JOHN R. WYLIE
jwylie@futtermanhoward.com
FUTTERMAN HOWARD WATKINS
WYLIE & ASHLEY, CHTD.
122 S. Michigan Ave., Suite 1850
Chicago, IL 60603
Tel:  (312) 427-3600

THOMAS V. GIRARDI (#36603)
tgirardi@girardikeese.com
HOWARD B. MILLER (#31392)
AMANDA L. MCCLINTOCK
(#185935)
GIRARDI & KEESE
1126 Wilshire Boulevard
Los Angeles, CA 90017-1904
Tel:  (213) 977-0211
Fax:  (213) 481-1554

JAMES F. CLAPP
jclapp@sdlaw.com
J. KIRK DONNELLY
kdonnelly@sdlaw.com
MARITA MURPHY LAUINGER
mlauinger@sdlaw.com
DOSTART CLAPP GORDON and
COVENEY
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122
Tel:  (858) 623-4200
Fax:  (858) 623-4299

JERRY K. CIMMET (SBN 33731)
cimmet@att.net
Attorney at Law
177 Bovet Road, Suite 600
San Mateo, CA 94402
Tel:  (650) 866-4700
Fax:  (650) 866-4770

GERALD D. WELLS, III
gwells@sbtklaw.com
SCHIFFRIN BARROWAY TOPAZ &
KESSLER
280 King of Prussia Road
Radnor, PA 19087
Tel:  (610) 667-7706

JAMES V. BASHIAN, ESQ.
jbashian@bashianlaw.com
LAW OFFICES OF JAMES V.
BASHIAN
271 Route 46 West, Suite F207
Fairfield, New Jersey 07004
Tel:  (973) 227-6330
Fax:  (973) 808-8665

GERALD M. WERKSMAN, ESQ.  (SBN
145020)
werksmanlaw@gmail.com
3412 Via Oporto, Suite 201
Newport Beach, CA 92663
Tel:  (949) 675-5179
Fax:  (949) 675-2749

- 39 -

MAJOR A. LANGER
langer@plblaw.com
PERONA LANGER BECK
LALLANDE & SERBIN
300 E San Antonio Dr., P O Box 7948
Long Beach, CA 90807-0948
Tel:  (562) 426-6155

DAVID R. MARKHAM
dmarkham@clarkmarkham.com
KATAYOUN CATHY KAZEMI
cathykazemi@yahoo.com
NORMAN B. BLUMENTHAL
BLUMENTHAL & MARKHAM
2255 Calle Clara
La Jolla, CA 92037
Tel:  (858) 551-1223

RODNEY ALAN RUMMELSBURG
rod@robertjallan.com
ROD RUMMELSBURG LAW
OFFICES
4330 Jasmine Avenue
Culver City, CA 90232
Tel:  (310) 621-7009

EDWARD S. ZUSMAN
ezusman@mzclaw.com
MARKUN ZUSMAN and COMPTON
465 California Street, 5th Floor
San Francisco, CA 94104
Tel:  (415) 438-4515

MARK R. THIERMAN
laborlawyer@pacbell.net
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Tel:  (775) 284-1500
Fax:  (775) 703-5027

ARTHUR W. LAZEAR
arthurlazear@sbcglobal.net
HOFFMAN & LAZEAR
180 Grand Ave, Suite 1550
Oakland, CA 94612
Tel:  (510) 763-5700
Fax:  (510) 835-1311

RICHARD L. COFFMAN
rc@cofflaw.com
THE COFFMAN LAW FIRM
1240 Orleans St.
Beaumont, Texas 77701
Tel:  (409) 832-4767

WYATT B. DURRETTE, JR.
wdurrette@durrettebradshaw.com
DURRETTE BRADSHAW PLC
Main Street Centre
600 E. Main St., 20th Floor
Richmond, VA 23219
Tel:  (804) 775-6809

JACK L. HAAN
JAMES ECCLESTON
SHAHEEN, NOVOSELSKY, STATT,
FILIPOWSKI & ECCLESTON, P.C.
20 N. Wacker Dr., Suite 2900
Chicago, IL 60606-9719
Tel:  (312) 621-4400

SCOTT CARTER ILGENFRITZ
JOHNSON, POPE, BOKOR, RUPPEL &
BURNS, LLP
403 E. Madison St., Suite 400
P.O. Box 1100
Tampa, FL 33601-1100
Tel:  (813) 225-2500, ext: 3208

JAMES E. HASSER, JR.
DIAMOND, HASSER, FROST &
LUCKIE
1325 Dauphin St.
P.O. Drawer 40600
Mobile, AL 36640
Tel:  (251) 432-3362

JORDAN B. YEAGER
BOOCKVAR & YEAGER
8 West Oakland Avenue
Doylestown, PA 18901
Tel:  (215) 345-8581

1   DANIEL E. GUSTAFSON
    JASON S KILENE
2   KARLA M. GLUEK
    GUSTAFSON GLUEK PLLC
3   608 2nd Ave S Ste 650
    Minneapolis, MN 55402
4   Tel:   (612) 333-8844

5   MAX FOLKENFLIK
    mfolkenflik@fmlaw.net
6   FOLKENFLIK & MCGERITY
    1500 Broadway, 21st Floor
7   New York, NY 10036
    Tel:   (212) 937-0400
8   Fax:   (212) 757-2010

9   LEON GREENBERG
    wagelaw@hotmail.com
10  633 S. 4th St., Suite 9
    Las Vegas, NV 89101
11
    RYAN F. STEPHAN
12  rstephan@stephanzouras.com
    STEPHANZOURAS LLP
13  205 N. Michigan Ave, Suite 2560
    Chicago, IL 60601
14  Tel    (312) 233-1550
    Fax    (312) 233-1560
15
16  DANIEL J MULLIGAN
    dan@jmglawoffices.com
17  LARRY W GABRIEL
    lgabriel@jmglawoffices.com
18  JENKINS MULLIGAN & GABRIEL
    LLP
19  78-065 Main Street, Suite 202
    La Quinta, CA 92253
20  Tel:   (760) 777-1500
    Fax:   (760) 777-1350
21
22  DANIEL S GRUBER (SBN 113351)
    dgruber@gruberlawfirm.com
23  GRUBER & GRUBER
    15165 Ventura Boulevard, Suite 400
24  Sherman Oaks, CA 91403
    Tel:   (818) 981-0066
25  Fax:   (818) 981-2122

K. WADE EATON
CHAMBERLAIN, D'AMANDA,
OPPENHEIMER & GREENFIELD
1600 Crossroads Building
Two State Street
Rochester, NY 14614
Tel:   (585) 232-3730

KEVIN J. McINERNEY (46941)
kevin@mcinerneylaw.net
McINERNEY & JONES
18124 Wedge Pkwy #503
Reno, NV 89511
Tel    (775) 849-3811
Fax    (775) 849-3866

MICHAEL SHEN & ASSOCIATES, P.C.
225 Broadway, Suite 2515
New York, NY 10007-3000
Tel:   (212) 227-0300

ERIK HARALD LANGELAND
ERIC H. LANGELAND, P.C.
730 Fifth Ave., 9th Floor
New York, NY 10019
Tel:   (212)-659-7774

DEREK G HOWARD
GILMUR R MURRAY
MURRAY & HOWARD LLP
info@mandhllp.com
436 14th Street, Suite 1413
Oakland, CA 94612
Tel:   (510) 444-2660
Fax:   (510) 444-2522

BRUCE H. NAGEL, ESQ.
bnagel@nrmlaw.com
NAGEL RICE & MAZIE
103 Eisenhower Parkway
Roseland, NJ 07068
Tel    (973) 618-0400
Fax    (973) 618-9194

26

27

28

- 41 -

GARY F. LYNCH
plvnch@,carlsonlvnch.com
CARLSON LYNCH LTD
36 N Jefferson Street
PO Box 7635
New Castle, PA 16107
Tel:   (724) 656-1555
Fax:   (724) 656-1556

A. HOYT ROWELL, III
hrowell@rpwb.com
DANIEL O. MYERS
dmyers@rpwb.com
RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC
1037 Chuck Dawley Blvd., Bldg A
Mt. Pleasant, SC 29464
Tel:   (843) 727-6500
Fax:   (843) 216-6509

ANTHONY SICILIANO
tonv@sicilianoandgallitto.com
SICILIAN0 & GALLITTO, PLL
1045 Tiffany South, Suite 2
Youngstown, OH 44514-1980
Tel:   (330) 726-9114
Fax:   (330) 726-9117

1 | DECLARATION OF SERVICE

2     I, Maureen Longdo, the undersigned, declare:

3     1.    That declarant is and was, at all times herein mentioned, a citizen of the

4 United States and a resident of the County of San Diego, over the age of 18 years,

5 and not a party to or interested in the within action; that declarant's business address

6 is 750 B Street, Suite 2770, San Diego, California. 92101.

7     2.    That on November 5, 2007, declarant served the CONSOLIDATED

8 CLASS AND COLLECTIVE ACTION COMPLAINT via U.S. Mail in a sealed

9 envelope with postage thereon fully prepaid and addressed to the parties listed on

10 the attached Service List.

11     3.    That there is regular communication between the parties.

12     I declare under penalty of perjury that the foregoing is true and correct.

13 Executed this 5th day of November, at San Diego, California.

MAUREEN LONGDO

- 43 -

COUNSEL FOR PLAINTIFFS

Francis M. Gregorek
Betsy C. Manifold
Rachele R. Rickert
Marisa C. Livesay
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
        619/239-4599
        619/234-4599 (fax)
gregorek@whafh.com
manifold@whafh.com
rickert@whafh.com
livesay@whafh.com

Jeffrey G. Smith
Robert Abrams
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
        213/545-4600
        213/545-4653
smith@whafh.com
abrams@whafh.com

K. Wade Eaton
CHAMBERLAIN D'AMANDA
 OPPENHEIMER & GREENFIELD
1600 Crossroads Building
Two State Street
Rochester, NY 14614

Counsel for Plaintiffs Charles Badain and
Mary O'Reilly

David R. Markham
CLARK AND MARKHAM
401 West A Street, Suite 2200
San Diego, CA 92101
        619/239-1321
        619/239-5888 (fax)
dmarkham@clarkmarkham.com

Counsel for Plaintiff Shawn P. Dewane

Gerald D. Wells, III
SCHIFFRIN BARROWAY TOPAZ
 & KESSLER LLP
280 King of Prussia Road
Radnor, PA 19087
        610/667-7706
        610/667-7056 (fax)
gwells@sbclasslaw.com

Norman B. Blumenthal
Katayoun Cathy Kazemi
BLUMENTHAL AND MARKHAM
2255 Calle Clara
La Jolla, CA 92037
        858/551-1223
norm@bamlawlj.com

Ellen Serbin
Major A. Langer
PERONA LANGER BECK
LALLANDE & SERBIN
300 E San Antonio Dr
P. O. Box 7948
Long Beach, CA 90807-0948
        951/276-1202
        562/276-3347 (fax)
ellen@pbalaw.com

R. Craig Clark
CLARK AND ASSOCIATES
401 West A Street, Suite 2200
San Diego, CA 92101
        619/239-1321

Counsel for Plaintiff Shawn P. Dewane

Rodney Alan Rummelsburg
ROD RUMMELSBURG LAW
OFFICES
4330 Jasmine Avenue
Culver City, CA 90232
        310/621-7009
rodrum3@pacbell.net

Counsel for Plaintiff Jonathan Graham

## COUNSEL FOR PLAINTIFFS

Edward J. Wynne
JOHN EASTMAN BROWN
  PICKETT WYNNE LAW FIRM
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
    415/461-6400
ewynne@wynnelawfirm.com

Counsel for Plaintiffs Robert Burakoff
and Shawn P Dewane

David Markun
Jeffrey K. Compton
MARKUN ZUSMAN &
  COMPTON, LLP
17383 West Sunset Blvd., Suite A380
Pacific Palisades, CA 90272
    310/454-5900
    310/454-5970 (fax)
dmarkun@mzclaw.com

Edward S. Zusman
MARKUN ZUSMAN AND COMPTON
465 California Street, 5th Floor
San Francisco, CA 94104
    415-438-4515

Counsel for Plaintiff Robert Burakoff

Kevin J. McInerney
MCINERNEY & JONES
18124 Wedge Parkway #503
Reno, NV 89511
    775/849-3811
    775/849-3866 (fax)
Kevin@mcinerneylaw.net

Counsel for Plaintiff Peter Janowksy

Daniel E. Gustafson
GUSTAFSON FLUEK PLLC
608 2nd Avenue South, Suite 650
Minneapolis, MN 55402

Counsel for Plaintiff Bruce Barron

Bruce Heller Nagel
NAGEL RICE & MAZIE, LLP
103 Eisenhower Parkway
Roseland, NJ 07068
    973/618-0400
    973/618-9194 (fax)
bnagel@nrmlaw.com

Counsel for Plaintiff Jay Austin
and Anthony N. Codispoti

Michael Shen
MICHAEL SHEN &
  ASSOCIATES, P.C.
225 Broadway, Suite 2515
New York, NY 10007
    212/ 227-0300
    212/227-2714 (fax)
mshen@employmentlawny-nj.com

Ryan F. Stephen
TOUHY & TOUHY
161 North Clark Street, Suite 2210
Chicago, IL 60601

Counsel for Plaintiffs Gerald Rouse,
Jason Goldstein, Scott Standel and Peter
Janowsky

James B. Zouras
STEPHAN ZOURAS, LLP
205 North Michigan Avenue, Suite 2560
Chicago, Illinois 60601
    312/233-1550
    312/233-1560 (fax)
rstephan@stephanzouras.com

Erik Harald Langeland
ERIC H. LANGELAND P.C.
730 Fifth Avenue, 9th Floor
New York, NY 10019

Counsel for Plaintiffs Jason Goldstein
and Scott Standel

## COUNSEL FOR PLAINTIFFS

Scott Allen Miller
SCOTT ALLEN MILLER LAW
  OFFICES
16133 Ventura Boulevard, Suite 1200
Encino, CA 91436
  818/788-8081
millaw@sbcglobal.net

Steven L. Miller
STEVEN L. MILLER LAW OFFICE
16133 Ventura Blvd, Suite 1200
Encino, CA 91436
  818/995-9190

Counsel for Plaintiff Steven Carayanis

J. Kirk Donnelly
James F. Clapp
Marita Murphy Lauinger
DOSTART CLAPP GORDON AND
  CONVENEY
4370 La Jolla Village Dr., Suite 970
San Diego, CA 92122
  858/623-4200
kdonnelly@sdlaw.com

Counsel for Plaintiffs Michael Dilustro
and Paul Firth

Arthur W. Lazear
HOFFMAN & LAZEAR
180 Grand Ave., Suite 1250
Oakland, CA 94612
  510/763-5700
  510/835-1311 (fax)
hth@hoffmanlazear.com

Counsel for Plaintiffs Michael Dilustro
and Paul Firth

Jordan B. Yeager
BOOCKVAR AND YEAGER
8 West Oakland Avenue
Doylestown, PA 18901
  215/345-8581

Counsel for Plaintiffs Amir Gauhar and
Deane Rudofker

Mark R. Thierman
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
  775/284-1500
  775/703-5027 (fax)
laborlawyer@pacbell.net

Counsel for Plaintiffs Carrie Morich,
Scott Lowe, Michael Dilustro and
Paul Firth

Leon Marc Greenberg
LEON MARC GREENBERG
  LAW OFFICES
633 South Fourth Street, Suite 9
Las Vegas, NV 89101
  702/383-6085
  702/385-1827 (fax)
wagelaw@aol.com

Counsel for Plaintiffs Amir Gauhar,
Deane Rudofker and David Dougherty

Thomas V. Girardi
Amanda L. McClintock
Howard B. Miller
GIRARDI & KEESE
1126 Wilshire Blvd
Los Angeles, CA 90017-1904
  213/977-0211
hmiller@girardikeese.com

## COUNSEL FOR PLAINTIFFS

Jack L. Haan
SHAHEEN, NOVOSELSKY, STAAT,
FILIPOWSKI
& ECCLESTON
20 North Wacker Drive, Suite 2900
Chicago, IL 60606-9719
312/621-4400
312/621-0268 (fax)
JHaan@snsfe-law.com

Counsel for Plaintiff George Keim

Joseph W. Cotchett
Laura Schlichtmann
Niall P. McCarthy
COTCHETT PITRE SIMON
 & MCCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
    650/697-6000

Counsel for Plaintiff Debra M.
Reda-Cappos

Adam C. Mayes
John Halebian
Merrick Scott Rayle
LOVELL STEWART HALEBIAN
500 Fifth Avenue, 58th Floor
New York, NY 10110
    212-608-1900
amayes@lshllp.com
jhalebian@lshllp.com

Gerald M. Werksman
GERALD M. WERKSMAN
 LAW OFFICES
3412 Via Oporto Dr., Suite 201
Newport Beach, CA 92663
    949/675-5179

Jerry K. Cimmet
JERRY K. CIMMET LAW OFFICES
177 Bovet Road, Suite 600
San Mateo, CA 94402
    650/866-4700

John M. Kelson
JOHN M. KELSON LAW OFFICE
180 Grand Avenue, Suite 1550
Oakland, CA 94612
    510/465-1326
    510/465-0871
kelsonlaw@sbcglobal.net

Counsel for Plaintiffs Carrie Morich and
Scott Lowe

Richard Coffman
THE COFFMAN LAW FIRM
505 Orleans St., Ste. 505
Beaumont, TX 77701
    409/833-7700
    866/835-8250 (fax)
rc@cofflaw.com

Counsel for Plaintiffs George Keim and
Anthony J. Mooney

Wyatt B. Durrette, Jr.
DURRETTE BRADSHAW, PLC
Main Street Center
600 East Main Street, 20th Floor
Richmond, VA 23219
    804/775-6809
    804/775-6911 (fax)
wdurrette@durrettebradshaw.com

Counsel for Plaintiffs George Keim,
Anthony J. Mooney and Bruce Barron

## COUNSEL FOR PLAINTIFFS

James E. Hasser, Jr.
DIAMOND HASSER FROST
  & LUCKIE
1325 Dauphin Street
P. O. Drawer 40600
Mobile, AL 36640

Counsel for Plaintiffs George Keim and
Bruce Barron

Scott Carter Ilgenfritz
JOHNSON POPE BOKOR RUPPEL
  & BURNS LLP
403 E. Madison Street, Suite 400
P. O. Box 1100
Tampa, FL 33601

Counsel for Plaintiff George Keim

Max Folkenflik
FOLKENFLIK & McGERITY
1500 Broadway, 21st Floor
New York, NY 10036
    212/757-0400
    212/757-2010 (fax)
MFolkenflik@fmlaw.net

Counsel for Plaintiff Gene Panasenko

John R. Wylie
FUTTERMAN, HOWARD, WATKINS,
  WYLIE & ASHLEY CHTD.
122 South Michigan Avenue, Suite 1850
Chicago, IL 60603
    312/427-3600
    312/427-1850 (fax)
jwylie@futtermanhoward.com

Counsel for Plaintiff Anthony J. Mooney

James V. Bashian
LAW OFFICE OF
  JAMES V. BASHIAN
271 Route 46 West, Suite F207
Fairfield, NJ 07004

Counsel for Plaintiff Alan B. Krichman

Daniel J. Mulligan
Larry W. Gabriel
JENKINS MULLIGAN AND GABRIEL
78-065 Main Street, Suite 202
La Quinta, CA 92253
    760/777-1500

Gilmur R. Murray
Derek G. Howard
MURRAY AND HOWARD
436 14th Street, Suite 1413
Oakland, CA 94612
    510-444-2660

Counsel for Plaintiff Larry Phillips

Gary F. Lynch
CARLSON LYNCH LTD
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
    724/656-1555

Tony Siciliano
SICILIANO & GALLITTO, PLL
1045 Tiffany South, Suite 2
Youngstown, OH 44514-1980
    330/726-9114

A. Hoyt Rowell, III
Daniel O. Myers
RICHARDSON PATRICK
WESTBROOK & BRICKMAN, LLC
1037 Chuck Dawley Blvd., Bldg A
Mt. Pleasant, SC 29464

Counsel for Plaintiff John Cochran

## DEFENDANTS' COUNSEL

Alisa M. Chevalier
Michele J. Beilke
REED SMITH
355 South Grand Ave., Suite 2900
Los Angeles, CA 90071
213/457-8000
213/612-6301 (fax)

Cindy S. Minniti
REED SMITH
599 Lexington Avenue
New York, NY 10022

Counsel for defendant WACHOVIA
SECURITIES LLC

Eric M. Steinert
John A. Van Hook
Kenneth D. Sulzer
Joseph Ray Becerra
Lisa N. Davis
Timothy L. Hix
William M. Brown
SEYFARTH SHAW
2029 Century Park E, Ste 3300
Los Angeles, CA 90067-3063
310/277-7200
esteinert@la.seyfarth.com
ksulzer@la.seyfarth.com
thix@seyfarth.com

Brett C. Bartlett
SEYFARTH SHAW
One Peachtree Point
1545 Peachtree Street Northwest,
Suite 700
Atlanta, GA 30309
404/888-1875

Gerald L. Maatman, Jr.
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, IL 60603

Gerald L. Pauling
SEYFARTH SHAW LLP
131 South Dearborn St., Suite 2400
Chicago, IL 60603
312/460-5965

Counsel for defendant WACHOVIA
SECURITIES LLC

Lorie E. Almon
Christopher Lowe
Jacquelyn G. Holscher
SEYFARTH SHAW
1270 Avenue of the Americas
New York, NY 10020-1801
212/218-5517

Counsel for Defendant WACHOVIA
SECURITIES LLC

Kevin W. Shaughnessy
Tracey O. Ellerson
BAKER & HOSTETLER, LLP
200 S. Orange Avenue, Suite 2300
P. O. Box 112
Orlando, FL 32802

Alan L. Kildow
Sonya R. Braunschweig
DLA Piper US LLP
90 South Seventh Street, Suite 5100
Minneapolis, MN 55401

Kenneth D. Kleinman
John F. Ward
STEVEN & LEE PC
620 Freedom Business Ctr., Suite 200
King of Prussia, PA 19406

James B. Bertero
MUSICK PEELER AND GARRETT
One Wilshire Boulevard, Suite 2000
Los Angeles, CA 90071
213/629-7300

Counsel for Defendant WACHOVIA
SECURITIES LLC

## COUNSEL FOR DEFENDANTS

M. Michael Cole
Rebecca D. Eisen
MORGAN, LEWIS & BOCKIUS LLP
One Market Street, Spear Street Tower
San Francisco, CA 94105-1126
        415/442-1000
        415/442-1001 (fax)

Thomas E. Hill
THELEN REID & PRIEST
333 South Hope Street, Ste. 2900
Los Angeles, CA 90071-3048
        213/576-8000
        213/576-8080 (fax)

Counsel for Defendant PRUDENTIAL
EQUITY GROUP, LLP and
PRUDENTIAL SECURITIES, INC.

Christopher A. Parlo
Kenneth J. Turnbull
MORGAN, LEWIS & BOCKIUS, LLP
101 Park Avenue, 37th Floor
New York, NY 10178
        212/309-6000
        212/309-6001 (fax)

Counsel for Defendants PRUDENTIAL
FINANCIAL, INC. and PRUDENTIAL
SECURITIES, INC.