JS-6

JOSEPH W. COTCHETT (#36324)
jcotchett@cpmlegal.com
NIALL P. McCARTHY (#160175)
nmccarthy@cpmlegal.com
NANCY L. FINEMAN (#124840)
nfineman@cpmlegal.com
JUSTIN T. BERGER (#250346)
jberger@cpmlegal.com
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577

JEFFREY G. SMITH (#133113)
smith@whafh.com
ROBERT ABRAMS
abrams@whafh.com
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone:  (212) 545-4600
Facsimile:  (212) 545-4653

*Co-Lead Counsel for Plaintiffs*

Lorie E. Almon (*pro hac vice*)
lalmon@seyfarth.com
Brett C. Bartlett (*pro hac vice*)
bbartlett@seyfarth.com
**SEYFARTH SHAW LLP**
2029 Century Park East, Suite 3300
Los Angeles, CA 90067-3063
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5129

Malcolm Heinicke (#194174)
heinickema@mto.com
**MUNGER, TOLLES & OLSON, LLP**
560 Mission Street, 27th Floor
San Francisco, CA 94105
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077

*Attorneys for Defendants Wachovia Corporation,
Wachovia Securities, LLC, and First Union Securities, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WACHOVIA SECURITIES, LLC WAGE AND HOUR LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | **MDL No. 07-1807 DOC**<br><br>USDC No. SACV07-298DOC(RNBx)<br><br>**JUDGMENT**<br><br>Date:   October 5, 2009<br>Time:   3:00 p.m.<br>Ctrm:   9D<br>Hon.    David O. Carter |

[~~PROPOSED~~] JUDGMENT
MDL No. 07-1807 DOC

# JUDGMENT

This matter came on for hearing on October 5, 2009, upon the joint application of the Settling Parties for approval of the settlement set forth in the Joint Stipulation of Class Action Settlement and Release (the "Stipulation"). Due and adequate notice having been given to the Rule 23 Class and the FLSA Collective Group, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Stipulation filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation, the Class Representatives, the Rule 23 Class Members, the FLSA Collective Group, and Defendants Wachovia Corporation, Wachovia Securities, LLC, and First Union Securities, Inc. (the "Wachovia Defendants").

3. The Court finds that the distribution of the Class Notice as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all Persons within the definition of the Rule 23 Class and FLSA Collective Group, and fully met the requirements of due process under the United States Constitution. Based on evidence and other material submitted in conjunction with the settlement hearing, the Class Notice was adequate. The Court further finds that the Wachovia Defendants have satisfied the requirements of notice to pertinent government agencies set forth in the federal Class Action Fairness Act, 28 U.S.C. § 1715.

///

1    4.    The Court finds that the instant Litigation, in part, presented a good
2 faith dispute over the payment of wages, and the Court finds in favor of settlement
3 approval.
4    5.    The Court OVERRULES the objection of Gerald Rouse, and DENIES
5 his motion to intervene, on the grounds that as a non-class member, he lacks
6 standing to object or intervene. *See, e.g., In re Vitamins Antitrust Class Actions*,
7 215 F.3d 26, 28-29 (D.C. Cir. 2000); *Arakaki v. Cayetano*, 324 F.3d 1078, 1083
8 (9th Cir. 2003).
9    6.    The Court approves the settlement of the above-captioned action, as
10 set forth in the Stipulation, and each of the releases and other terms, as fair, just,
11 reasonable and adequate as to the Settling Parties. The Settling Parties are directed
12 to perform in accordance with the terms set forth in the Stipulation.
13    7.    For the Class Representatives as well as for those Members of the
14 Rule 23 Class and FLSA Collective Group who filed valid and timely Claim
15 Forms, all of the claims covered by the Federal Claims Release and State Claims
16 Release are dismissed with prejudice.
17    8.    For those Rule 23 Class Members who failed to file valid and timely
18 Exclusion Forms, all of the claims covered by the State Claims Release are
19 dismissed with prejudice.
20    9.    Solely for purposes of effectuating this settlement, this Court has
21 certified a class of all Members of the Rule 23 Class, as that term is defined in and
22 by the terms of the Stipulation, and the Court deems this definition sufficient for
23 purposes of due process and Rule 23.
24    10.    With respect to the Rule 23 Class and for purposes of approving this
25 settlement only, this Court finds and concludes that: (a) the Members of the Rule
26 23 Class are ascertainable and so numerous that joinder of all members is
27 impracticable; (b) there are questions of law or fact common to the Rule 23 Class,
28 and there is a well-defined community of interest among Members of the Rule 23

[PROPOSED] JUDGMENT                                                                 2
MDL No. 07-1807 DOC

Class with respect to the subject matter of the Litigation; (c) the claims of some or all of the Class Representatives are typical of the claims of the Members of the Rule 23 Class; (d) The Class Representatives have fairly and adequately protected the interests of the Rule 23 Members of the Settlement Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives, *i.e.*, Class Counsel, are qualified to serve as counsel for the Named Plaintiffs in their individual and representative capacities and for the Rule 23 Class.

11. Solely for purposes of effectuating this settlement, this Court has certified a collective action class of all Members of the Federal Collective Group, as that term is defined in and by the terms of the Stipulation, and the Court deems this definition sufficient for purposes of due process and 29 U.S.C. § 216(b).

12. With respect to the Federal Collective Group and for purposes of approving this settlement only, this Court finds and concludes that the Federal Collective Group meets the requirements for certification as a collective action class under 29 U.S.C. § 216(b) because the Federal Collective Group Members are similarly situated.

13. By this Judgment, the Class Representatives shall release, relinquish and discharge, and each of the Participating Claimants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all claims covered by the Federal Claims Release and the State Claims Release (including Unknown Claims).

14. By this Judgment, the Rule 23 Class Members who failed to file valid and timely Exclusion Forms shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all claims covered by the State Claims Release (including Unknown Claims).

///

15. This Litigation and the underlying cases that were consolidated before this Court through the Multi-District Litigation process are hereby dismissed with prejudice, with the exception of *Rouse v. First Union Securities, Inc.*, Case No. 07-cv-00298 DOC. *Rouse v. First Union Securities, Inc.*, Case No. 07-cv-00298 DOC, is hereby transferred back to the Southern District of New York. Specifically, the Stipulation in no way precludes any of Gerald Rouse's personal claims against the Wachovia Defendants.

16. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of any of the Wachovia Securities Releasees; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Wachovia Securities Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. In the event that the Settlement Effective Date does not occur, the Wachovia Defendants shall not be estopped or otherwise precluded from contesting class or collective action certification in the Litigation on any grounds. Any of the Wachovia Securities Releasees may file the Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. The only Rule 23 Class Members and FLSA Collective Group Members entitled to payment pursuant to this Judgment are Participating Claimants. Neither the Stipulation nor this Judgment will result in the creation of any unpaid residue or residual, and any funds that are not claimed by Participating Claimants shall remain the property of the Wachovia Defendants.

18. Subject to Court approval, Class Counsel seek reasonable attorney fees in this matter in the gross amount of $9,750,000, in addition to litigation costs in the amount of $436,661.87; the Wachovia Defendants have agreed to pay up to $295,650.09 to the Claims Administrator; and the Wachovia Defendants have agreed to pay enhancements in the total gross amount of $420,000 to the Class Representatives to reimburse them for their unique services. In light of the work done by Plaintiffs' counsel, and the results achieved, and considering applicable Ninth Circuit authority, the Court finds that the fees and costs requested are reasonable. Given the results achieved and the efforts of the named Plaintiffs described in the moving papers, the request for incentive payments is also approved. The Wachovia Defendants are directed to make these payments, plus a *pro rata* share of any post-Judgment interest, in accordance with the terms of the Stipulation.

19. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Rule 23 Class, the FLSA Collective Group, and the Wachovia Defendants for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Stipulation and this Judgment.

20. This document shall constitute a judgment (and separate document constituting said judgment) for purposes of Federal Rule of Civil Procedure, Rule 58.

IT IS SO ORDERED.

DATED: October 5, 2009

*[signature: David O. Carter]*
The Honorable David O. Carter
United States District Court Judge